OPINION OF THE COURT
William H. Pohlmann, J.
The problems of the homeless are chronicled almost daily in the tabloids in Westchester County, and indeed, throughout the entire country. There are presently thousands of people in *396 this county who are homeless, and there is very little in the way of permanent housing available for the placement of such people. Within the Village of Elmsford in Westchester County there are an inordinate number of homeless people placed in motels by the County Department of Social Services.
The instant proceeding is brought by the owner of one of those motels (the Elmsford Motor Lodge) pursuant to RPAPL 713 (7) to recover possession of one of its motel units from respondent Barbara Seignious. Respondent is an otherwise homeless person placed at the Elmsford Motor Lodge by the Department of Social Services which pays approximately $3,500 per month for the cost of her maintenance there.
Under the aforementioned section of the law a summary proceeding may be brought to recover possession of that motel unit if the owner has duly revoked the license of the occupant of that unit. Petitioner asserts that respondent being a mere transient or licensee has been given the requisite 10-day notice to quit provided in RPAPL 713 and thus is entitled to recover possession of the unit. Respondent, on the other hand, argues that she is a month-to-month tenant (not a licensee) and as such RPAPL 711 is the law applicable to this case and that section gives her greater rights than a mere licensee. Among other things, a tenant’s occupancy can only be terminated by a 30-day notice to vacate.
In the opinion of this court respondent’s argument as presented by Westchester Legal Services is more persuasive. Section 711 specifies that a tenant "shall include an occupant of one or more rooms in a rooming house or a resident, not including a transient occupant, of one or more rooms in a hotel, who has been in possession for thirty consecutive days or longer”. Here, respondent has been in possession of a motel unit for well over two years. In addition, respondent is not properly characterized as a transient. In Mann v 125 E. 50th St. Corp. (124 Misc 2d 115,116-117, affd 126 Misc 2d 1016), the court therein noted: "There is no precise test for determining whether one is a transient provided by statute or case law, the meaning depending on the context. (See State v Anonymous, 34 Conn 603.) Webster’s New Collegiate Dictionary defines the term as ‘passing through or by a place with only a brief stay or sojourn.’ ‘Transient’ has been considered the opposite of ‘resident’ (see The Leontios Teryazos, 45 F Supp 618), and with respect to a hotel, is one who has a home elsewhere and is *397 staying at the hotel for a short period in connection with a trip away from home.”
At bar, the respondent has no other home. She is, in fact, "a homeless person”. Indeed, the general public is not even invited to stay at the Elmsford Motor Lodge and accommodations are only provided to public assistance recipients who are homeless. Clearly, therefore, respondent who has been living at the motel for in excess of two years is not a transient.* Not being a transient she qualifies as a tenant pursuant to RPAPL 711 and is thus entitled to the rights of a tenant, even if only a month-to-month tenant. Not affording respondent at least one month’s notice, the statutory requirement for termination of her tenancy has not been met.
Petitioner finally points’ to the testimony of the Mayor of Elmsford, Arthur De Angelis, and Elmsford’s Municipal Code, which only licenses the Elmsford Motor Lodge for the purposes of "overnight or temporary sleeping or housing accommodations for a consideration, tourists, transients or travelers”, as indicative of the fact that respondent is merely a transient and not a month-to-month tenant. Moreover, section 45-7 (E) of that municipal code limits occupancy of a person at such motel "to not more than thirty (30) days in any ninety day period.”
In the opinion of this court the characterization of respondent as tenant or transient is not altered by the fact that the Elmsford Motor Lodge may perhaps be in violation of the license issued to it by the Village of Elmsford. Indeed, whether the Elmsford Motor Lodge is in violation of its license and the Elmsford Municipal Code by permitting homeless people to be maintained by Social Services at its motel, and for a period in excess of 30 days, and whether or not the Village of Elmsford is empowered to so regulate by ordinance, are questions not before this court. It is enough to say that *398 respondent here is a homeless person not a transient, is for the reasons noted a month-to-month tenant, and may not be evicted without being given a 30-day notice to vacate — which was not afforded her in this case.
For the reasons heretofore noted this proceeding is dismissed.

 Statutory references which support respondent’s claim of tenancy and not mere licensee are Multiple Residence Law § 50 and Tax Law § 1101 (c) (5). Under the Multiple Residence Law the term "transient occupancy” of a hotel is defined as meaning occupancy "by the same person or persons for a period of ninety days or less” (§ 50 [1]). Respondent, Barbara Seignious, was an occupant at petitioner’s motel for well in excess of two years. Similarly under the Tax Law, the New York sales tax on hotel accommodations is not applicable after 90 consecutive days’ occupancy because one who resides in a room in a hotel for longer than 90 days is considered to be a permanent resident of the hotel not a transient.