*710 OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed with $10 costs and matter remanded to the court below for further proceedings.
Landlord, the New York City Housing Authority, commenced this licensee holdover proceeding alleging that occupant is a licensee of one Elizabeth Butts (occupant’s grandmother), that Elizabeth Butts has died, and that occupant is therefore no longer entitled to remain in the premises.
After a conference with the parties, the court below requested both sides to submit memoranda on the issue of the effect to be given to a prior disposition by the Housing Authority of a grievance brought by occupant. It appears from the memoranda submitted that occupant had requested a grievance hearing to determine whether she was entitled to remain in the apartment as a remaining family member of Elizabeth Butts; that occupant was granted a hearing, at which it was adduced that she was not current in her use and occupancy; that, inasmuch as being current in such payments is a requirement for remaining-family-member status, the hearing was adjourned to allow occupant to bring her payments up to date; that occupant failed to appear at the adjourned hearing and a default was entered against her; and that occupant subsequently brought an article 78 proceeding which was dismissed as time barred (see, Matter of Simmons v Popolizio, 160 AD2d 368). At issue in the memoranda was whether the Authority’s disposition of occupant’s grievance barred her assertion in this proceeding of the defense that she is entitled to stay on in the apartment as a remaining family member of the deceased tenant.
After the submission of these memoranda, the court below awarded judgment to landlord. The court noted that occupant had defaulted at the grievance hearings set to determine her claim that she was entitled to remaining-family-member status. We reverse and remand for further proceedings.
We see no bar to occupant’s interposition of the remaining-family-member defense in this proceeding. The Housing Authority’s rules with respect to grievance procedures make it abundantly clear that a disposition adverse to a grievant is not meant to bar the grievant’s assertion of the same claim in a subsequent judicial proceeding. For example, the rules state: "A tenant’s option to use the Grievance Procedure shall not be a waiver of any rights to a judicial trial, with or without a *711 jury, or a waiver of any right to other judicial proceedings. No collateral estoppel or res judicata effect of Grievance Procedure decisions and findings shall apply in such de novo judicial trial or other judicial proceedings.”
The Housing Authority seeks to avoid the effect of this provision in two ways. First, it contends that res judicata effect must be given, if not to the grievance disposition, at least to the article 78 determination. This contention must fail, however, because there is no identity between the issues determined in the article 78 proceeding and that which occupant seeks to litigate here. Specifically, there was no determination made in the article 78 proceeding that occupant does not qualify for remaining-family-member status.
The Housing Authority further objects that the Grievance Procedure rules, and specifically those providing that there shall be no res judicata effect to the grievance disposition, are by their terms applicable only to "tenants” and not to those merely seeking status as tenants. This position can in no way be sustained. By what authority, if not that of its Grievance Procedure rules, did the Authority proceed to adjudicate occupant’s grievance? To the contrary, the only reasonable construction of the language used is that these rules were meant to apply to all those having resort to the Authority’s Grievance Procedure.
For these reasons, we reverse the judgment of the court below and remand the matter to that court for further proceedings.
Kassoff, P. J., Williams and Santucci, JJ., concur.