OPINION OF THE COURT
Barbara R. Kapnick, J.
Respondent Michael Grifa moves to dismiss the petition and notice of petition, pursuant to CPLR 3211, on the grounds that the court lacks subject matter jurisdiction over this proceeding *204 because the 10-day notice to quit is defective on its face and the petition does not comply with RPAPL 741. Petitioner Adam Katz cross-moves for an examination before trial of the respondent and discovery of any documents relating to the respondent’s relationship with the tenant of record.
The petitioner is the landlord and proprietary lessee of the premises known as apartment 14E, located at 444 Central Park West in Manhattan. Respondent Grifa is not the tenant of record of apartment 14E, but moved into the premises in 1985 to live with his alleged life partner, Hans Klein, who had been the tenant of record since 1965. In March of 1992, Klein died of AIDS-related causes, and the respondent, who is 63 years old and disabled, remains in possession, claiming that he has a defense based upon Rent Stabilization Code (9 NYCRR) §§ 2520.6 and 2523.5 or under Braschi v Stahl Assocs. Co. (74 NY2d 201 [1989]) and New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6.
The petitioner sent the respondent a 10-day notice to quit which informed him that he had until April 25, 1992 to quit and remove himself from the premises. The notice stated, inter alia, that the landlord considered Mr. Grifa to be a licensee of Hans Klein, that the license had expired upon Klein’s death, that the respondent was no longer entitled to possession of the apartment, and that his continuance in possession was without the permission of the owner. The notice did not state that a proceeding would be commenced against the respondent if he failed to remove himself within the 10-day period.
The respondent remained after the 10-day period expired and was served with a notice of petition and petition in this holdover proceeding commenced pursuant to RPAPL 713 (7). The petition enumerated the facts and the legal charges against the respondent. The petition did not, however, state whether the apartment was rent controlled or rent stabilized.
The respondent now moves to dismiss the petition arguing that the court lacks subject matter jurisdiction on two counts: (1) the notice to quit was defective because it did not mention that the respondent’s failure to remove himself from the apartment would result in the petitioner’s commencing a summary proceeding against him, and (2) the petition was defective because it did not state whether the apartment was rent controlled or rent stabilized.
Turning first to the notice to quit, RPAPL 713 provides that *205 a special proceeding may be maintained in an action where no landlord-tenant relationship exists (i.e., a licensee situation as the petition alleges here) "after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735”. RPAPL 713 does not specify any required contents of a notice to quit other than it must state that a respondent has a 10-day period to remove himself or herself from the premises. (A & Z Realty Co. v Murphy, NYLJ, June 19, 1991, at 25, col 2 [Civ Ct, Bronx County]; Austin v Allen, NYLJ, Nov. 9,1989, at 23, col 3 [Civ Ct, Richmond County].)
In A & Z Realty (supra), the respondent’s motion to dismiss the proceeding on the grounds that the notice to quit was defective because it failed to state a definite termination date was denied since the court found that RPAPL 713 merely required that a 10-day notice be provided before commencing the action. The court went on to say that the notice was not defective because it was "sufficient to apprise the occupant that if she did not voluntarily vacate the premises within ten days, then the landlord would commence a summary proceeding.” (A & Z Realty Co. v Murphy, supra, at 25, col 3.) In the case at bar, however, the notice to quit failed to apprise Mr. Grifa that if he did not vacate the premises by April 25, 1992, his landlord would commence a summary proceeding against him.
The court’s decision in Austin v Allen (supra) is also instructive. In that case, involving three squatters or licensees living in a two-family dwelling, respondents’ motion to dismiss the proceeding on various grounds was denied. After pointing out that it appeared that the Legislature intended not to specify any required contents of a notice to quit under RPAPL 713 except its 10-day period, the court made reference to the fact that in holdover and nonpayment proceedings for premises not subject to either rent control or rent stabilization, the notice requirements were minimal.
"A notice in such holdover proceedings need specify only a date at which the tenancy ends and possession is demanded (Park Summit Realty Corp. v. Frank, 107 Misc.2d 318, afFd [1st Dept.] 84 A.D.2d 700, affd 56 N.Y.2d 1025 [monthly tenancy], Miressi v. Funicello, 94 N.Y.S.2d 743 mod. 277 AD 931 [month-to-month tenancy]). These lesser requirements are entirely consistent with the true purpose of such notices which is to give the tenant reasonable notice of the end of his tenancy (Graf. v. Miller 202 Misc. 887, and to inform the *206 tenant of the consequences of a failure to vacate. Haberman v. Wager, 73 Misc.2d 732) * * *
"A notice to quit merely serves to give a squatter or licensee ten days to make a choice; voluntarily give up possession, or face forcible eviction pursuant to a judgment and warrant of the court (DeVillar v. City of New York, 628 F.Supp.80).” (Austin v Allen, supra, at 23, col 4.)
No matter how minimal the notice requirements were found to be, however, the crucial point made by the courts in both of these cases which denied motions by the respondents to dismiss, was that the respondent tenant had to at least be informed of the legal consequences of his or her failure to vacate the premises within the 10-day period provided by the notice to quit. This was the one piece of information omitted by the landlord in serving the 10-day notice to quit upon respondent Grifa in this case. This court finds such omission in the notice to quit to be a jurisdictional defect, and thus holds that this court lacks subject matter jurisdiction over the proceeding. Consequently, this court will not reach respondent’s other argument for dismissal or petitioner’s cross motion.
As the court held in Cypress Holding Corp. v Nivar (NYLJ, July 19, 1989, at 20, cols 2, 3 [Civ Ct, Bronx County]) where it dismissed a proceeding based on a defective notice of termination/notice to quit, "If the notice of termination is insufficient, the proceeding must be dismissed. The notice, which is not a pleading but a predicate to the proceeding, cannot be amended. Chinatown Apts. v. Chu Cho Lam, 51 N.Y.2d 786, 788 (1980); Concourse and 181st Street Corp. v. Bligen [NYLJ, May 10, 1989, at 24, col 3 (Civ Ct, Bronx County)]. A valid notice is required to invoke the subject matter jurisdiction of the Court. Stribula v. Wein, 107 Misc2d 114, 117 (App. Term, 1st Dept. 1980); Croydon Estates v. Fideler, N.Y.L.J. September 14, 1988, p. 18, col. 6 (Civ. Ct., N.Y. Co.). Absent a valid notice, dismissal is required.”
For the reasons set forth above, respondent’s motion to dismiss the petition and notice of petition is granted and the proceeding is dismissed. The cross motion is denied as moot.