OPINION OF THE COURT
Kibbie F. Payne, J.
This is a summary holdover proceeding in which petitioner moves for an order requiring respondents to pay use and occupancy during the pendency of these proceedings. Respondent Souto opposes this motion and cross-moves to dismiss the petition on the grounds that the 10-day notice to quit is defective.
The court will first address the cross motion which is predicated upon a 10-day notice to quit, dated July 12, 1994. This notice, in pertinent part, reads as follows:
"please take notice: that the following described premises known as Apt. D801 at 250 Mercer Street, New York has been sold to First Federal Savings and Loan Association of Rochester pursuant to a public auction on October 2, 1992. First Federal Savings and Loan Association of Rochester is now the owner of the premises.
"You and all other persons occupying said premises are therefore required to quit the same and surrender possession to the undersigned on or before July 26, 1993, which date is ten (10) days after service of this notice to you . . .
"your failure to vacate the premises will result in the OWNER OF THE PREMISES COMMENCING A SUMMARY PROCEEDING AGAINST YOU THAT MAY LEAD TO YOUR BEING EVICTED FROM THIS PREMISES.”
It is respondent John R. Souto’s contention that the notice to quit is defective in that it fails to apprise respondent of the relationship of respondents to the premises and the notice also *226 fails to indicate what provision of the Real Property Actions and Proceeding Law petitioner seeks eviction of the respondent. There is decisional law which supports respondent’s position that due process requires that a notice to quit apprise of the grounds upon which the eviction proceeding is based in order that respondent may prepare a defense. (City of New York v Norman, NYLJ, July 29, 1992, at 23, col 3 [Civ Ct, NY County]; Valrose Realty Co. v Dewinger, NYLJ, Feb. 7, 1990, at 23, col 3 [Civ Ct, NY County]; Cypress Holding Corp. v Nivar, NYLJ, July 19, 1989, at 20, col 2 [Civ Ct, Bronx County]; Georgiou v Antoniello & Ludwigsen, NYLJ, Jan. 30, 1991, at 26, col 6 [Civ Ct, Kings County]; G.A.G. Enter. v Gonzales, NYLJ, June 15, 1988, at 30, col 6 [Civ Ct, Kings County].)
Petitioner contends that the notice to quit is valid because the RPAPL does not specify any required contents of a notice to quit other than that it must state that a respondent has a 10-day period to remove himself or herself from the premises (Katz v Grifa, 156 Misc 2d 203, 205; A & Z Realty Co. v Murphy, NYLJ, June 19, 1991, at 25, col 2 [Civ Ct, Bronx County]; Austin v Allen, NYLJ, Nov. 9, 1989, at 23, col 3 [Civ Ct, Richmond County]).
The statute which sets forth the requirements for any notice to quit is RPAPL 713. This section specifies 11 situations to maintain a summary proceeding where no landlord-tenant relationship exists. In the instant proceeding to recover real property the statutory authority is set forth as follows:
"A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735 upon the following grounds:
"1. The property has been sold by virtue of an execution against him or a person under whom he claims and a title under the sale has been perfected.”
The above provisions constitute the minimal notice of termination mandated by statute that a petitioner in a summary proceeding is required to provide to any person or persons who occupy(les) the premises in question. Respondent’s reliance upon cases supporting a premise that it is a denial of due process when the 10-day notice to quit fails to apprise the occupants on the subject property of the basis for the owner’s claims to recover the property is misplaced. However, respondent is correct in counsel’s contention that *227 respondent is entitled to the fundamental right of due process with notice and an opportunity to be heard. (See, Mullane v Central Hanover Trust Co., 339 US 306, 313-314; Matter of Fitzgerald v Libous, 44 NY2d 660, 661.) The phrase "due process of law” signifies that there will be a right to be heard. This term originates from the phrase "the law of the Land” used in chapter 24 of the Magna Carta (issue of 1225) in which it is promised by the King that "no free man shall be taken or imprisoned or deprived of his freehold or his liberties or free customs, or outlawed or exiled, or in any manner destroyed nor shall we come upon him or send against him, except by a legal judgment of his peers or by the law of the Land.” The due process requirement to notice and an opportunity to be heard, however, arises when there is an action or a proceeding from which a final order will be rendered (see, Opp Cotton Mills v Administrator, 312 US 126, 151-152). The right to be apprised of a plaintiffs or petitioner’s claims arises only after the commencement of the action or proceeding. A summary proceeding to recover property in this State is not commenced by service of the notice to quit but rather by service of the petition and notice of petition (RPAPL 731 [1]). The notice to quit is a predicate notice which must be served before the commencement of the summary proceeding. In the instant case, a reading of petitioner’s 10-day notice fully satisfies all elements mandated by the statute (RPAPL 713 [1]). Said notice indicates petitioner’s interest in the subject premises as an owner who took title of the property pursuant to a sale at a public auction and said notice further informs the occupants that should they fail to vacate the subject premises within the 10-day period a legal suit to evict them may be commenced. It is this court’s opinion that said 10-day notice is constitutionally valid. Therefore, respondent’s cross motion for an order dismissing the petition is denied.
With respect to the primary motion seeking use and occupancy in the amount of $13,774.80 and $1,059.60 per month during the pendency of this proceeding, it is petitioner’s contention that respondents remain in possession of the premises rent free since the foreclosure sale of October 2, 1992 while petitioner continues to pay the maintenance and utility charges in the amount of $1,059.60 per month. In opposition respondent does not deny these facts. Nevertheless, respondent maintains that petitioner is not entitled to any use and occupancy and that petitioner’s allegation of fair rental value of the premises is conclusory and unsupported since no compa *228 rabie rents have been set forth. It is undisputed by respondent Souto that he borrowed monies from petitioner to purchase the subject premises and that the maintenance of the subject premises is $1,059.60.
A landowner is entitled to compensation for the use of his or her land based upon an " 'imposed [obligation of] law for the purpose of bringing about justice without reference to the intention of the parties’.” (Rand Prods. Co. v Mintz, 72 Misc 2d 621, 622.) In the instant case, respondent Souto admits that he has sublet the subject premises to one Gail Stenbury and that he has retained a reversionary possessory interest in the premises. Since Souto has conveyed the subject premises to his sublessee and he possesses a reversionary interest, it is only equitable that this respondent provide petitioner with future use and occupancy during these proceedings. Accordingly, respondent Souto is directed to pay petitioner future use and occupancy and electricity charges to petitioner in the amount of $1,059.60 from March 15, 1994.
As a result of the foregoing petitioner’s motion is granted only to the extent that respondent Souto is directed to pay petitioner $1,059.60 each and every month without prejudice commencing March 15, 1994 until the conclusion of these proceedings and the cross motion for dismissal of the petition is, in all respects, denied.