OPINION OF THE COURT
Memorandum.
Appeal from order dated June 9, 1992, dismissed.
Judgment affirmed without costs.
Petitioner, a not-for-profit corporation, commenced summary proceedings pursuant to KPAPL 713 (7) (licensee) and (10) (unlawful entry and detainer) to remove respondent from the premises located at 187 Ashburton Avenue, City of Yonkers. Respondent moved to dismiss the petitions and raised a number of technical arguments in support of the motion. His motion was denied. He then moved for summary judgment and both sides submitted numerous papers in support of their respective contentions. The court denied respondent’s motion and granted the cross motion of petitioner.
*1054 A complete factual statement, including the stipulated facts agreed to by the parties, is to be found in the opinion of the court below at 155 Misc 2d 707. We affirm the denial of the motion for summary judgment and the granting of the cross motion for the reasons stated in said opinion.
Regarding the motion to dismiss, we are in accord with the denial thereof. We note that the commencement of two proceedings removes the argument that two such theories in one action might be inconsistent and cancel each other out. We agree with the conclusion of the lower court that acceptance of payments from Department of Social Services (DSS) after service of the notice to quit would not vitiate the notice since there is no possessory right to be terminated or reinstated and there was no landlord-tenant relationship. The payment in this case is received by petitioner from DSS not only to pay for "rent” but for the ancillary services provided for the respondent and other occupants of the facility. The payments are due to the landlord whether or not the unit in question is occupied by 1, 2 or 3 people. Since the payments herein to the landlord are not made for one specific person, but are made to insure that the premises and support services will continue, payments in this case are not to be considered similar to those in a conventional landlord-tenant rent situation.
We note further that the notice to quit, while it did not contain a definite termination date, was not jurisdictionally defective. RPAPL 713 does not specify any requirement as to the contents of said notice (see, Katz v Grifa, 156 Misc 2d 203). The notice in this case set forth the date of termination of the license and then stated that respondent had 10 days to vacate (even though he would not be forced to vacate until petitioner could locate another shelter for him), so that the failure to contain the actual date 10 days later should be considered de minimis under these conditions.
The next issue to be considered is respondent’s request for a stay of all proceedings. His motion for such relief was made initially in the Supreme Court in his class action against the petitioner herein and was denied. The motion was properly denied in this proceeding since the granting of a stay prior to trial would remove the "summary” nature of this proceeding. In addition, both the court below and this court on appeal had an opportunity to assess the merits of the contentions being raised by appellant and found them to be lacking in merit.
*1055 The last issue to be commented upon relates to the dismissal of the appeal from the order denying the motion to dismiss. The appeal from that interim order must be dismissed because the right to appeal therefrom terminated upon entry of the judgment in this case (Brands v Urban, 182 AD2d 287; Interboro Gen. Hosp. v Allcity Ins. Co., 149 AD2d 569).
DiPaola, P. J., Stark and Luciano, JJ., concur.