OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
In this proceeding by the New York City Housing Authority to remove occupants on the ground that they are licensees whose license expired upon the death of the tenant of record, occupants defend, inter alia, on the ground that the petition and 10-day notice to quit are defective because they do not allege that a grievance proceeding was afforded them by the Authority and the outcome of such proceeding.
The Authority is required by Federal regulation and by its own management manual to afford grievance hearings to those with colorable claims to remaining-family-member status (see, 24 CFR, ch IX, part 966, subpart B, and particularly § 966.53 [f]; In re Adams, 94 Bankr 838; Nash v Washington, 360 A2d 510 [DC Cir]; NYCHA Management Manual, ch VII, § E [1] [b]). This rule is a statutory condition precedent which must be pleaded (see, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3015.02).
However, the failure to make the required allegation does not require reversal. All the facts concerning the grievance proceeding were proven at trial and occupants suffered no prejudice as a consequence of landlord’s failure to plead these facts in the petition. Under the circumstances, we deem the pleading amended to conform to the proof (see, CPLR 3026; Villas of Forest Hills Co. v Lumberger, 128 AD2d 701; Birch-wood Towers #2 Assocs. v Schwartz, 98 AD2d 699).
Further, there is no requirement that the 10-day notice to quit state the facts concerning the grievance proceeding (see, e.g., Helping Out People Everywhere v Deich, 160 Misc 2d 1052; First Fed. Sav. & Loan v Souto, 162 Misc 2d 224; Katz v Grifa, 156 Misc 2d 203; but see, the contrary Civil Court cases cited at 162 Misc 2d, at 226).
With respect to the issue whether occupants are entitled to a trial de novo of their claim to remaining-family-member status, our ruling in New York City Hous. Auth. v Simmons (148 Misc 2d 709) that occupants were entitled to a trial de novo was predicated on the rules then in effect providing that the outcome of all grievances, except specified ones, would not *1020 be binding on the court. Subsequent to our ruling in Simmons, the Authority adopted separate rules for remaining-family-member grievances which are silent on the issue of the effect to be given the Authority’s adjudication. In the face of such silence, the general rule that the doctrine of res judicata is applicable to quasi-judicial determinations of administrative agencies must govern (see, Ryan v New York Tel. Co., 62 NY2d 494). Accordingly, occupants who have had their claim to remaining-family-member status adjudicated by the Authority in a due process hearing are not entitled to a trial de novo of this claim in the courts.
Scholnick, J. P., Chetta and Patterson, JJ., concur.