OPINION OF THE COURT
Peter P. Sweeney, J.
*1056 Petitioner commenced this licensee holdover proceeding pursuant to RPAPL 713 (7) by service of a notice of petition and petition after service of a notice to quit seeking possession of “All rooms located in the Basement space in the premises known as 1270 51st Street, Brooklyn, New York.” Respondents now move to dismiss the petition on the ground that the notice to quit was jurisdictionally defective. Petitioner cross-moves for summary judgment and for a severance of all claims for use and occupancy.
Petitioner’s submissions demonstrated that a notice to quit was served on all respondents by October 20, 2006, which in relevant part, provided as follows:
“PLEASE TAKE NOTICE, that on or before November 6, 2006 you and all other persons occupying under you are required to quit and remove from the following described premises.
“All rooms located in the Basement space in the premises known as 1270 51st Street, Brooklyn, New York.
“PLEASE TAKE FURTHER NOTICE, that you are in possession of the said property as a licensee of Saul Greenfeld, who thereafter died and his surviving spouse thereafter transferred title out of the property which title has now since vested in 1274 51 Realty LLC, the person, party and/or entity entitled to possession of the property, and that you are no longer entitled to remain as a Licensee as you[r] license has been revoked.
“PLEASE TAKE FURTHER NOTICE, that you now remain in possession of the property without the permission and/or consent of the undersigned, the person, party or entity entitled to possession thereof.”
The notice to quit was signed by Abraham Raab, a member of 1274 51 Realty LLC.
In support of their claim that the notice to quit was jurisdictionally deficient, respondents raise two arguments. First, they maintain that the notice did not apprize them that petitioner would commence eviction proceedings if they failed to timely vacate the premises. Second, they argued that it did not specify the termination date of the license. The court rejects both of these arguments.
With respect to respondents’ first argument, neither RPAPL 713, nor any other statute, specifies the requirements of a notice to quit (see Helping Out People Everywhere v Deich, 160 *1057 Misc 2d 1052, 1054 [App Term, 2d Dept 1994]; Katz v Grifa, 156 Misc 2d 203, 206 [Civ Ct, NY County 1992, Kapnick, J.]; A & Z Realty Co. v Murphy, NYLJ, June 19, 1991, at 25, col 2 [Civ Ct, Bronx County]; Austin v Allen, NYLJ, Nov. 9, 1989, at 23, col 3 [Civ Ct, Richmond County]). RPAPL 713, in relevant part, provides only that “[a] special proceeding may be maintained under this article after a ten-day notice to quit has been served . . . .” Respondents’ reliance on Real Property Law § 232-a is misplaced. While Real Property Law § 232-a requires that a notice to terminate a monthly tenancy in the City of New York warn the tenant that “unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom,” this proceeding does not involve a monthly tenancy. Petitioner commenced this proceeding pursuant to RPAPL 713 (7), alleging that respondents were licensees whose license had been revoked.
In Reifeld Thompson & Riverside, Inc. v Ho (NYLJ, Aug. 14, 1995, at 28, col 5 [App Term, 1st Dept]), perhaps the only appellate case directly on point, the court held that “[t]he absence of a statement in the notice that landlord would commence eviction proceeding in the event respondents failed to vacate did not render the notice ‘jurisdictionally defective’, particularly since the governing statute, RPAPL 713, does not require such a statement” (id.). This holding is consistent with the familiar canon of statutory construction that “failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended” (Pajak v Pajak, 56 NY2d 394, 397 [1982], citing McKinney’s Cons Laws of NY, Book 1, Statutes § 74; see also, Weingarten v Board of Trustees of N.Y. City Teachers’ Retirement Sys., 287 AD2d 14, 19 [1st Dept 2001]). While there are cases which support respondents’ position (see, e.g., First Fed. Sav. & Loan v Souto, 162 Misc 2d 224, 227 [Civ Ct, NY County 1994, Payne, J.]; Katz v Grifa, supra; see also, Washington Mut. Bank, F.A. v Hanspal, 14 Misc 3d 1217[A], 2007 NY Slip Op 50056[U] [Nassau Dist Ct 2007, Fairgrieve, J.]), this court chooses to adopt the holding in Reifeld Thompson & Riverside, Inc., and concludes that there is no basis to construe RPAPL 713 as requiring a notice to quit to apprize a licensee that eviction proceedings will be commenced if he or she fails to timely vacate the premises.
Respondents’ second argument is rejected for the same reasons. Again, since RPAPL 713 does not specify any require *1058 ments of a notice to quit, the court will not construe the statute as requiring a notice to quit to specify the termination date of a license. Indeed, the Appellate Term, Second Department, specifically held a notice to quit that did not contain a definite termination date was not jurisdictionally defective (Helping Out People Everywhere v Deich, 160 Misc 2d 1052, 1054 [App Term, 2d Dept 1994]; see also A & Z Realty Co. v Murphy, supra).
Here, the notice to quit clearly informed respondents that their license had been revoked. It described the premises sought to be recovered and identified the petitioner as the entity entitled to possession. It was signed by a member of the petitioner limited liability corporation and gave the respondents more than the required 10 days to quit the premises from the date they were served. The notice to quit was therefore legally sufficient.
Turning to petitioner’s cross motion for summary judgment, petitioner established a prima facie case of entitlement to a judgment of possession as a matter of law pursuant to RPAPL 713 (7) by tendering evidentiary proof in admissible form demonstrating the absence of any triable issues of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Liguori v City of New York, 202 AD2d 647 [2d Dept 1994]). In order to defeat the motion, respondents were required to raise a triable issue of fact by laying bare and revealing their proofs and demonstrating that the defenses alleged in their answer were real and capable of being established at trial (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979]; Spearmon v Times Sq. Stores Corp., 96 AD2d 552 [2d Dept 1983]; Di Sabato v Soffes, 9 AD2d 297, 301 [1st Dept 1959]).
Respondents’ opposition papers are devoid of admissible proof. While respondents’ submitted their verified answer in opposition to the motion, their answer was verified by an attorney. “The standards governing motions for summary judgment are applicable to special proceedings generally” (Matter of Brusco v Braun, 199 AD2d 27, 31 [1st Dept 1993]), and it is well settled that a pleading verified by an attorney “is of no probative value for purposes of summary determination” (id. at 32; see also Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Henriquez v Purins, 245 AD2d 337 [2d Dept 1997]).
The court has considered respondents’ remaining arguments and finds them to be without merit.
For all of the above reasons, it is hereby ordered that respondents’ motion to dismiss is denied; it is further ordered *1059 that petitioner’s motion for summary judgment is granted and petitioner is awarded a judgment of possession, a warrant of eviction shall issue forthwith the execution of which shall be stayed for five days; and it is further ordered that all claims for use and occupancy are hereby dismissed without prejudice, with leave granted to petitioner to reinstitute such claims in a separate action.