OPINION OF THE COURT
Per Curiam.
Order, dated June 9, 2009, reversed, with $10 costs, respondent’s motion for summary judgment denied, petitioner’s cross motion for summary judgment granted and final judgment directed in favor of petitioner upon its claim for possession. Execution of the warrant of eviction shall be stayed for 30 days from the service of a copy of this order with notice of entry. Appeal from order, dated December 3, 2009, insofar as appealable, dismissed, without costs, as moot.
Pursuant to an agreement between petitioner, the owner of a single room occupancy (SRO) hotel, and nonparty Human Resources Administration of the City of New York (HRA), petitioner made available certain rooms in its building for emergency temporary housing of HRA’s clients. HRA paid a nightly rate for the rooms directly to petitioner. Pursuant to this agreement, HRA placed respondent Phillip Pitt, a nonparty to the agreement, in a room in petitioner’s building.
HRA’s agreement with petitioner expired in December 2006. Thereafter, HRA informed petitioner that HRA was cancelling the placement of respondent in petitioner’s building. In response to this cancellation, petitioner served upon respondent a “Notice of Termination of License and/or Notice to Quit,” and commenced this holdover proceeding on the ground that respondent’s license to occupy the premises had expired. Respondent moved for summary judgment dismissing the petition on the ground that he was a rent-stabilized tenant entitled to continued occupancy. Petitioner cross-moved for summary judgment on the petition. Civil Court granted respondent’s motion, denied the cross motion and dismissed the petition on the ground that respondent was a “permanent tenant” under the Rent Stabilization Code who could not be evicted in a licensee holdover summary proceeding. We reverse.
HRA placed respondent in the SRO unit and paid the rent for the room, and no express or implied landlord-tenant relationship existed between petitioner and respondent (see 9 NYCRR 2520.6 [d], [j]; but see Kanti-Savita Realty Corp. v Santiago, 18 *31 Misc 3d 74 [2007]). Therefore, respondent was merely a licensee of HRA (see Rosenstiel v Rosenstiel, 20 AD2d 71 [1963]; see also Helping Out People Everywhere v Deich, 155 Misc 2d 707 [1992], affd 160 Misc 2d 1052 [1994]), not a “permanent tenant” entitled to the protections afforded by the Rent Stabilization Code (see 9 NYCRR 2520.6 £j]). Since respondent’s license was revoked and he has no right to continued possession (see RPAPL 713 [7]), petitioner’s cross motion for summary judgment on its claim for possession should have been granted.
McKeon, EJ., Shulmajst and Hunter, Jr., JJ., concur.