■ JOSEPHINE VITALE, as Administratrix of the Estate of ALBERT VITALE, Deceased, Respondent, v DAVID LA COUR et al., Appellants, et al., Defendant. — In a wrongful death action, the appeals are (1) from an order of the Supreme Court, Suffolk County (Weissman, J.), dated July 13, 1982, which granted plaintiff's motion for an extension of time in which to move for leave to reargue the denial of a previous motion to set aside the jury verdict in favor of appellants and (2) from a further order of the same court, dated November 8, 1982, which granted plaintiff's motion for leave to reargue, which was, in effect, a motion to renew, and, upon renewal, set aside the verdict and granted a new trial. Orders affirmed, with one bill of costs. On the afternoon of February 8, 1979, plaintiff's decedent, in an attempt to cross a busy intersection, was struck and killed by a vehicle operated by defendant La Cour. The decedent, who had been standing on the yellow line in the center of the road, ran out into the lane of traffic after defendant Katz had stopped the vehicle which he was driving and waved the decedent on. La Cour's vehicle came up on the right-hand side of Katz' van and struck the decedent as he proceeded across the roadway. The jury returned a verdict in favor of both defendants and their respective employers. Immediately after the verdict was rendered, plaintiff's counsel moved to set it aside on the ground that it was against the weight of the evidence. Said motion was denied by the trial court. After the entry of judgment on April 15, 1982, plaintiff's new attorneys filed a timely notice of appeal. That appeal apparently has not yet been perfected. Plaintiff also moved for permission to extend the time to reargue the denial of plaintiff's posttrial motion. This motion was granted by order dated July 13, 1982. Thereafter, plaintiff purportedly moved for reargument, but the motion was based on facts not previously brought to the attention of the court. In the interest of justice, we treat plaintiff's motion as an application for leave to renew and grant renewal. While a motion for renewal is generally based upon newly discovered facts, we exercise our discretion to grant renewal upon facts known to the movant at the time of the original motion (see *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865). The trial court properly concluded that the verdict was affected by the fact that the jurors had not been properly instructed that the plaintiff in a wrongful death action is not held to as high a degree of proof as is an injured plaintiff who can himself describe the occurrence (*Noseworthy v City of New York,* 298 NY 76). Accordingly, the verdict was properly set aside and a new trial granted in the interest of justice (CPLR 4404, subd [a]). Lazer, Weinstein and Boyers, JJ., concur.

Thompson, J., concurs insofar as the order dated July 13, 1982 is affirmed, but otherwise dissents and votes to reverse the order dated November 8, 1982, and deny plaintiff's motion for reargument with the following memorandum, in which Titone, J. P., concurs: Although the majority has condoned plaintiff's improper use of a motion to reargue, by *sua sponte* converting the motion for reargument into one for renewal (see *Simpson v Loehmann,* 21 NY2d 990; *Foley v Roche,* 68 AD2d 558), I believe that they have extended their munificence beyond reasonable parameters by affirming the granting of a new trial in the interest of justice based on the failure to give what is commonly referred to as a *Noseworthy* charge (see *Noseworthy v City of New York,* 298 NY 76). A *Noseworthy* charge was not requested, and no objection was made when the basic "fair preponderance" of the evidence charge was given in this negligence action. Accordingly, the failure to charge the *Noseworthy* standard was not preserved for appellate review (CPLR 4110-b; *Passantino v Consolidated Edison Co. of N. Y.,* 54 NY2d 840; *Pagnella v Action For Better Community,* 57 AD2d 1076). This is not a case where the failure to charge *Noseworthy* should be deemed a fundamental error, so that the failure to object should be forgiven in the interest of justice (see *DiGrazia v Castronova,* 48 AD2d 249). Decedent died when, as a pedestrian, he tried to cross a double yellow line, against the light. He was waved on by defendant Katz, who was occupying one of the two lanes decedent had to cross, but when he tried to cross the second lane he was struck by a vehicle driven by defendant La Cour. Both individual defendants and a disinterested witness all testified to essentially the same facts constituting the basic scenario, and the questions of negligence and contributory negligence were clearly defined for and argued before the jury. The verdict of the jury is fully supportable under either a "fair preponderance" or a *Noseworthy* standard, and it should not be disturbed. In the *Noseworthy* case, the death of the decedent left basic gaps in providing the jury with an account of what had transpired. In this case, there is no reason to conclude that the jury did not have a thorough understanding of the events leading up to the accident. By affirming the order granting a new trial, the majority, in essence, is rewarding the efforts of a poorly prepared attorney by giving plaintiff a free trial under a "fair preponderance" standard, with a built-in opportunity for a second trial under a *Noseworthy* standard. The facts of this case simply do not justify this approach, and I respectfully dissent.