■ Jet Asphalt Corp., Plaintiff, v Consolidated Edison Company of New York, Defendant; Campro Construction and Paving Co., Inc., Appellant, and Philange Construction Corp., Respondent. (Action No. 1.) Campro Construction and Paving Co. Inc., Appellant, v Philange Construction Corp., Respondent. (Action No. 2.) (And Another Action.)—In consolidated actions, *inter alia,* to recover damages for work performed pursuant to various contracts, Campro Construction and Paving Co., Inc. (hereinafter Campro) appeals (1) from an order of the Supreme Court, Queens County (Dunkin, J.), dated September 20, 1983, which granted the motion of Philange Construction Corp. (hereinafter Philange) to strike Campro's cross claim in action No. 1, and to strike Campro's complaint in action No. 2, both with prejudice, upon the ground that Campro did not comply with prior court orders

directing full answers to interrogatories served upon it; and (2) from a further order of the same court, dated July 10, 1984, which denied Campro's motion for leave to renew the prior motion to strike and, upon renewal, for an order reinstating its pleadings. (The notice of appeal dated July 10, 1984 is deemed a notice of appeal from the order dated July 10, 1984 [*see,* CPLR 5520 (c); *Herring v City of Syracuse,* 63 AD2d 833].)

Order dated July 10, 1984 reversed, without costs or disbursements, Campro's motion for renewal is granted, and, upon renewal, order dated September 20, 1983 vacated, and Campro's cross claim in action No. 1 and complaint in action No. 2 are both reinstated, upon condition that Campro pays to Philange the motion costs for each of the three motions brought by Philange at Special Term resulting in the orders dated July 9, 1982, October 29, 1982, and September 20, 1983, respectively, to the extent that such costs may not have already been paid by Campro, and further, that Campro pay to Philange the sum of $1,000, all sums payable within 30 days after service upon Campro of a copy of the order to be made herein, with notice of entry. In the event these conditions are not complied with, orders affirmed, with one bill of costs to Philange. The latest set of Campro's responses to the interrogatories is deemed to have been served upon Philange as of the date of the order to be made herein.

Appeal from the order dated September 20, 1983 dismissed, without costs or disbursements, in light of our determination of the appeal from the order dated July 10, 1984.

Philange contends that the motion for renewal which resulted in the order dated July 10, 1984 was actually a motion to reargue, and that, therefore, the appeal from that order should be dismissed as no appeal lies from an order denying reargument. While much of the information presented in the renewal motion was previously known to Campro, the record reveals a reasonable excuse for the failure to raise the issues at an earlier time. We therefore treat Campro's motion as an application for leave to renew, and we exercise our discretion to grant renewal upon facts known to the movant at the time of the original motion *(see, Vitale v La Cour,* 96 AD2d 941; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865).

The sanction of dismissal of Campro's pleadings was too severe under the circumstances of this case. Campro furnished to Philange copies of the relevant documents which it had in its possession. It is true that Campro did not provide the detailed analysis of the documents which was requested by the

interrogatories and which Campro was obligated to provide. However, since the documents were furnished to the extent that they were available, it cannot be said that the failure to detail the requested information was willful or contumacious. Without such a finding, it was inappropriate to dismiss the pleadings (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:7, p 646; *Citizens Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 92 AD2d 907). This is especially true in this case where Campro had submitted affidavits tending to show the meritorious nature of its claims (see, *Wilenski v Auricchio Monuments,* 102 AD2d 824). As a general rule, disposition of controversies upon the merits is favored (see, *Nomako v Ashton,* 22 AD2d 683).

We find that the failure to fully respond to the interrogatories did not result in any substantial prejudice to Philange. Discovery proceedings concerning other parties in the various actions were in progress during much of the time in which the instant motions were pending. Thus, the failure of Campro to adequately respond to the interrogatories did not result in any significant delay of the litigation of the merits of the underlying actions. We note that as of the time of the motion to renew, Campro had prepared what it considered to be complete responses to all of the interrogatories. Philange has not raised any objection to the completeness of those responses, although we realize that it might not have believed that it had an obligation to do so. That latest set of responses has been included in the record on these appeals, and we deem those responses to be served upon Philange as of the date of the order to be made hereon.

The only real prejudice which has befallen Philange is the expenses which were incurred by the necessity of having to make three separate motions at Special Term due to Campro's failure to provide sufficient responses. The imposition of the monetary sanctions set forth above should alleviate this prejudice, and at the same time permit disposition of the claims upon their merits. Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.