■ THEODORE H. WEISSE, Respondent, v EDOUARD KAMHI et al., Appellants, et al., Defendants.—In a medical malpractice action, the defendants Edouard Kamhi, Spyros Karas, the North Shore Medical Group, P. C., Frank Pindyck and Edward Ryan appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 4, 1985, which, upon granting a motion by the plaintiff to renew and/or reargue vacated a prior order of the same court, dated June 11, 1985, which, *inter alia,* granted certain branches of their cross motion for summary judgment and denied the cross motion in its entirety.

Ordered that the order is affirmed, with costs.

Because the plaintiff's motion was based, in part, upon evidence which had not been before the court at the time of the original motion, it was a motion to renew *(see, Wile v Wile,* 100 AD2d 932, 934). Although leave to renew should generally be denied where the movant fails to offer a reasonable excuse for the failure to submit the additional facts on the original motion *(see, Caffe v Arnold,* 104 AD2d 352), a court may, in its discretion, "grant renewal even upon facts known to the movant at the time of the original motion" *(Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866; *see also, Pinto v Pinto,* 120 AD2d 337; *Jet Asphalt Corp. v Consolidated Edison Co.,* 114 AD2d 489; *Vitale v La Cour,* 96 AD2d 941). We cannot say that the granting of renewal in this case constituted an improvident exercise of discretion. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.