■ FRANCES MONTALBANO, as Mother and Natural Guardian of JOSEPH MONTALBANO, an Infant, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL, Appellant, and VINCENT MASTRODA, Respondent.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiff and the defendant North Shore University Hospital separately appeal from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated May 31, 1988, as granted that branch of the defendant Vincent Mastroda's motion which was for summary judgment dismissing the complaint insofar as it is asserted against him and the cross claim asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the defendant Mastroda's motion which was for summary judg-

ment dismissing the complaint insofar as it is asserted against him and the cross claim asserted against him is denied.

Dr. Mastroda's bare and conclusory assertions that he "did not deviate from good and accepted standards of medical practice in [his] treatment of the plaintiffs" and that "nothing [he] did or did not do was a proximate cause of the injuries claimed by the plaintiffs in this case", without any factual relationship to the alleged injury, are insufficient to establish his entitlement to judgment as a matter of law (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Wertheimer v Paley,* 137 AD2d 680). Nor does the fact that Dr. Mastroda did not examine the infant plaintiff after delivering him entitle Dr. Mastroda to summary judgment, as one of the allegations contained in the complaint is that this failure constituted malpractice (cf., *Neuman v Greenstein,* 99 AD2d 1018). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.