■ HELEN HANTZ et al., Appellants, v TED S. FISHMAN et al., Defendants and Third-Party Plaintiffs-Respondents. ASCON DISTRIBUTING CORP., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Molloy, J.), dated August 10, 1988, which granted the motion of the defendants third-party plaintiffs and the cross motion of the third-party defendant for summary judgment dismissing the amended complaint, and (2) an order of the same court, dated November 9, 1988, which denied the plaintiffs' motion, in effect, for leave to renew.

Ordered that the order dated November 9, 1988, is reversed, on the law, renewal is granted, and, upon renewal, the order dated August 10, 1988, is vacated and the motion and cross motion for summary judgment are denied; and it is further,

Ordered that the appeal from the order dated August 10, 1988, is dismissed as academic, in light of our determination on the appeal from the order dated November 9, 1988; and it is further,

Ordered that the appellants are awarded one bill of costs.

Initially we find that the plaintiffs' motion, although denominated as one for leave to reargue and/or renew, should have been considered one for leave to renew since it was supported by new evidence (see, *Weisse v Kamhi,* 129 AD2d 698). The requirement that a motion for renewal be based upon newly discovered facts is a flexible one, and a court in its discretion may grant renewal upon facts known to the moving party at

the time of the original motion *(see, Oremland v Miller Minuteman Constr. Corp.,* 133 AD2d 816). Under the circumstances of this case, the court should have exercised its discretion to grant the plaintiffs' motion for leave to renew its opposition to the motion and cross motion for summary judgment dismissing the amended complaint *(see, Vitale v La Cour,* 96 AD2d 941; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865).

It is well established that summary judgment should be granted only if there are no material and triable issues of fact *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Summary judgment is a drastic remedy and should not be granted if there is any doubt as to the existence of a triable issue *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). It is not up to the court to determine issues of credibility or the probability of success on the merits, but rather whether there exists a genuine issue of fact *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341). Issue finding rather than issue determination is the key to summary judgment and the affidavits should be scrutinized carefully in the light most favorable to the party opposing the motion *(see, Goldstein v County of Monroe,* 77 AD2d 232, 236).

A review of the record indicates that factual questions do exist precluding summary judgment. The injured plaintiff alleged that she fell in the parking lot of the defendants' apartment building when the heel of her shoe became stuck in some recently paved tar. The third-party defendant Ascon Distributing Corp. (hereinafter Ascon) had repaved the parking lot only about three months earlier. At her examination before trial, the injured plaintiff testified that her foot would not move, thereby causing her to fall. Moreover, after the fall, she had tar on her right forearm. At his examination before trial, the president of Ascon testified that the "slurry" mixture used would become "tacky" whenever the temperature reached approximately 90 degrees for about 4 or 5 hours. On the day of the accident, the temperature had reached a high of 83 degrees, thus raising the issue of whether the pavement material had become so "tacky" as to cause the injured plaintiff's shoe to stick.

Moreover, the president of Ascon further testified that two days prior to repaving the lot he had inspected it and noticed that the pavement in the area of the poles where the injured plaintiff subsequently fell was uneven. He further stated that he had pointed out this uneven condition to the building superintendent and explained that in order to correct the

problem, the poles would have to be removed, the area leveled, and the poles reset. However, since the contract did not provide for that work to be performed, the area was merely sealed by hand. Thus, a question of fact exists as to whether the area where the plaintiff fell was properly repaired.

In view of the existence of triable issues of fact, the Supreme Court should not have granted summary judgment in favor of the defendants and the third-party defendant. Kunzeman, J. P., Spatt, Sullivan and Balletta, JJ., concur.