■ CHRISTINE CANOSA, Respondent, v DALE M. ABADIR, Appellant, et al., Defendant.—In an action to recover damages for medical malpractice, the defendant Dale M. Abadir appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered April 11, 1989, which denied her motion for summary judgment.

Ordered that the order is affirmed, with costs.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers.

The appellant's affidavit and supporting documents are not sufficient proof that she properly performed the dermabrasion according to the accepted standard of care in the medical community. Furthermore, on the second cause of action, which was based on lack of informed consent, the appellant also failed to establish her entitlement to judgment as a matter of law. In her affidavit, the appellant merely alleged, in pertinent part, that "[t]he [dermabrasion] procedure was performed fully in accord with good and accepted practice" and "[a]ll of my medical treatment rendered to Ms. Canosa was in accord with good and accepted standards of medical care". These conclusory allegations are insufficient to establish prima facie that the appellant did not deviate from accepted and approved medical practice *(see, Winegrad v New York Univ. Med. Center, supra; Porter v Huntington Hosp.,* 148 AD2d 510; *Wertheimer v Paley,* 137 AD2d 680). Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.