■ TRIANGLE FIRE PROTECTION CORP., Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant.—In an action to recover damages for breach of contract and fraudulent misrepresentation, the defendant Manufacturers Hanover Trust Company appeals from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated September 20, 1989, as denied its motion for partial summary judgment dismissing the cause of action to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

This case arose from the alleged breach of an oral agreement between the plaintiff Triangle Fire Protection Corp. (hereinafter Triangle), and the defendant Manufacturers Hanover Trust Company (hereinafter MHT), pursuant to which MHT purportedly promised to extend a credit line and mortgage loan to Triangle. On appeal, MHT argues that the Supreme Court erred in denying its motion for partial summary judgment dismissing the cause of action to recover damages for breach of contract.

It is well established that summary judgment should be granted only if there are no material and triable issues of fact *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Hantz v Fishman,* 155 AD2d 415, 416). Summary judgment is a drastic remedy and should not be granted if there is any doubt as to the existence of a triable issue *(see, Hantz v Fishman, supra,* at 416). It is not up to the court to determine issues of credibility or the probability of success on the merits, but rather to determine whether there exists a genuine issue of fact *(see, Hantz v Fishman, supra,* at 416). Issue finding rather than issue determination is the key to summary judgment and the affidavits should be scrutinized carefully in the light most favorable to the party opposing the motion *(see, Goldstein v County of Monroe,* 77 AD2d 232, 236).

Factual questions do exist, *inter alia,* concerning whether the contract was formed and what damages, if any, were sustained. In view of the existence of triable issues of fact, the Supreme Court properly denied MHT's motion for summary judgment dismissing Triangle's cause of action to recover damages for breach of contract *(cf., Hantz v Fishman, supra,*

at 417). Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.