■ Lou P. Downing et al., Appellants, v Sidney Schreiber et al., Respondents, et al., Defendants.—In an action to recover damages for dental malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Smith, J.), dated January 12, 1990, which granted the motions of the defendants Sidney Schreiber and Steven David for summary judgment dismissing the complaint as against them, and (2) a judgment of the same court, dated February 15, 1990, which was entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motions are denied without prejudice to renewal after the conclusion of discovery, and the complaint is reinstated as against Sidney Schreiber and Steven David; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It is axiomatic that issue finding rather than issue determination is central to deciding a motion for summary judgment *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Upon our review of the record we are persuaded that issues of fact exist at this time which preclude an award of summary judgment.

Between March and December 1985 the plaintiff Lou Pearl Downing, who was then 51 years old, visited the six defendant dentists for a variety of dental problems. By the time her treatment was finished, she was left without a single tooth in her mouth. She thus commenced this action for malpractice naming the six defendants who treated her during this period.

The two moving dentists assert that they are entitled to summary judgment because the gravamen of the plaintiffs' complaint rests upon allegations of unnecessary extractions and they extracted none of Mrs. Downing's teeth. However, while these two dentists may have established that they performed no extractions, their otherwise bare and conclusory allegations that they did not depart from accepted dental practices are insufficient to support an award of judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Canosa v Abadir,* 165 AD2d 823; *Wertheimer v Paley,* 137 AD2d 680). Indeed, the affidavits of the moving dentists fail to refute, with factual reference, the claims advanced in the plaintiffs' complaint and verified bills of particulars that the defendant Dr. Steven David negligently caused chip bone damage and nerve root damage during the course of his treatment of Mrs. Downing. Similarly, the affidavit of the defendant Dr. Sidney Schreiber does not refute the plaintiff's claim that he negligently made partial plates which were unsuitable for their intended purpose. Accordingly, as neither of the moving dentists established his entitlement to judgment as a matter of law, since neither established that his dental treatment did not contribute to the ultimate extraction of all of the plaintiff's teeth, their respective motions should have been denied without regard to the adequacy of the plaintiffs' opposition papers *(see, Wertheimer v Paley, supra; Fox v Wyeth Labs.,* 129 AD2d 611).

The record discloses that pretrial examinations and other disclosure has not yet been had. Thus, it cannot be ascertained exactly what acts, if any, were committed by each of the six defendant dentists which may have contributed to Mrs. Downing's loss of all of her teeth. Therefore, following such disclosure, if the evidence so warrants, the two moving dentists may once again move for summary judgment if they be so advised. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.