■ KENNETH YELIN et al., Respondents, v AMERICAN DENTAL CENTER et al., Defendants, and MARK ROTHMAN, Appellant.—In a dental malpractice action to recover damages for

personal injuries, etc., the defendant Mark Rothman appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered May 15, 1990, which denied his motion for partial summary judgment dismissing the complaint insofar as it is asserted against him with respect to all alleged acts of dental malpractice occurring prior to May 3, 1982.

Ordered that the order is affirmed, without costs or disbursements.

It is axiomatic that issue finding, rather than issue determination, is the crux of reviewing the denial of a motion for summary judgment (see, Downing v Schreiber, 176 AD2d 781). If a court entertains any doubt as to the existence of a triable issue of fact, the motion for summary judgment should be denied (see, Rotuba Extruders v Ceppos, 46 NY2d 223, 231; Triangle Fire Protection Corp. v Manufacturers Hanover Trust Co., 172 AD2d 658; Hantz v Fishman, 155 AD2d 415). The party making a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any material issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Canosa v Abadir, 165 AD2d 823; Wertheimer v Paley, 137 AD2d 680, 681). Failure to make a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see, Alvarez v Prospect Hosp., supra, at 324; Winegrad v New York Univ. Med. Ctr., supra, at 853; Canosa v Abadir, supra, at 823; Wertheimer v Paley, supra, at 681). Because the appellant in the case at bar failed to make a prima facie showing entitling him to judgment as a matter of law, it is not necessary to consider the adequacy of the plaintiff's opposing papers (see, Fox v Wyeth Labs., 129 AD2d 611; cf., Landau v Salzman, 129 AD2d 774).

The plaintiff received extensive dental treatment from the defendants from May 1978 through August 1982. During this period the defendants filled the plaintiff's four upper front teeth, numbered 7 through 10, and in June 1979 installed a veneer bridge. The defendants continued to perform dental work on tooth number 10 through August 1982 less than three years prior to the commencement of the instant malpractice action (see, CPLR 214 [former (6)]; Chodos v Flanzer, 90 AD2d 838). The appellant himself characterized this latter remedial work as "resumptions of treatment to make a repair", and further noted that the plaintiff continued, as of July 1982, to suffer from "gingival problems and anterior recission" around tooth number 10. The plaintiff suffered from

a cyst, which was apparently on his gums above these four teeth. The cyst had to be surgically removed. It further appears that the four teeth in question continued to decay notwithstanding that they had been filled, capped, and bridged by the defendants. Under the circumstances of this case, the appellant has not established, as a matter of law, that the dental care provided to the plaintiff was for treatment of a condition separate and distinct from the condition allegedly negligently treated *(compare, Nykorchuck v Henriques,* 78 NY2d 255; *Staines v Nassau Queens Med. Group,* 176 AD2d 718; *Hoch v Paloger,* 150 AD2d 523). As such, the issue of whether or not the continuous treatment doctrine may be applied to this case remains a question of fact for a jury's resolution *(see, Edmonds v Getchonis,* 150 AD2d 879; *McKinney v Bay Ridge Med. Group,* 126 AD2d 711; *Levy v Schnader,* 96 AD2d 854). Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.