■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v TODD GREENBERG et al., Respondents.—In a subrogation action by an insurance carrier, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated June 21, 1990, which denied its motion to strike the defendants' third affirmative defense, which alleged that the action was barred by a general release. The appeal brings up for review an order of the same court, dated September 21, 1990, which denied the plaintiff's motion, in effect, to renew *(see,* CPLR 5517).

Ordered that the order dated September 21, 1990, is reversed, on the law, without costs or disbursements, the motion to renew is granted, upon renewal, the order dated June 21, 1990, is vacated, the plaintiff's motion to strike the defendants' third affirmative defendant is granted, and the defendants' third affirmative defense is stricken.

Although no appeal was taken from the order dated September 21, 1990, denying the plaintiff's motion, in effect, to renew, we may still review it *(see,* CPLR 5517 [a] [3]; [b]; *Firedoor Corp. v Reliance Elec. Co.,* 56 AD2d 523; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5517.01). Under the circumstances of this case, the court should have granted the plain-

tiff's motion, in effect, to renew *(see, Sciascia v Nevins,* 130 AD2d 649; *Weisse v Kamhi,* 129 AD2d 698) and, upon renewal, granted the motion to dismiss the defendants' third affirmative defense that the action was barred by a general release. The plaintiff conclusively established that no general release had been executed in this case, and there is nothing in the language of an infant's compromise order which would operate as a general release *(see,* 19 NY Jur 2d, Compromise, Accord, and Release, § 61).

Moreover, even if we were to assume that a signed general release existed, as the defendants asserted, we conclude that it would nonetheless be ineffective to bar the plaintiff's subrogation claim, since the defendants were on notice from the provisions of the infant's compromise order that a portion of the injured party's claim had been paid by her own insurance carrier *(see, Hamilton Fire Ins. Co. v Greger,* 246 NY 162, 167-168; *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1, 3). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.