■ FILOMENA VITI, as Administratrix of the Estate of FRANCESCO VITI, Deceased, Appellant, v FRANKLIN GENERAL HOSPITAL et al., Defendants, and EDWARD T. DAVISON, Respondent. —In an action to recover damages, *inter alia,* for wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), entered November 28, 1990, as granted the motion of the defendant Edward T. Davison for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the respondent's motion is denied.

The respondent's medical expert's bare conclusory assertions that (1) the respondent conformed to accepted medical practices, (2) the cause of the plaintiff's decedent's death could not have been reasonably diagnosed, and (3) even if the cause of death could be diagnosed it could not have been successfully treated, were insufficient to establish the respondent's entitlement to judgment as a matter of law (see, *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Canosa v Abadir,* 165 AD2d 823; *Montalbano v North Shore Univ. Hosp.,* 154 AD2d 579). Additionally, the respondent's medical expert's conclusions were completely contradicted by the plaintiff's medical expert, leaving a conflict of medical opinion that should be resolved by a finder of fact (see, *Taype v City of New York,* 82 AD2d 648; *Kallenberg v Beth Israel Hosp.,* 45 AD2d 177, *affd*

37 NY2d 719). Moreover, since the deposition of the respondent had not yet taken place, summary judgment was premature. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.