■ CATHERINE MUSCATELLO, Individually and as Administratrix of the Estate of MICHAEL MUSCATELLO, Deceased, et al., Appellants, v CITY OF NEW YORK et al., Defendants, and ANTHONY S. SGARLATO, Respondent. [627 NYS2d 567] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme

Court, Richmond County (Leone, J.), dated September 2, 1993, as granted the motion of the defendant Anthony S. Sgarlato which was for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

The death of the infant plaintiff allegedly was caused by the medical malpractice of, *inter alia,* the defendant Anthony S. Sgarlato, a medical doctor. The Supreme Court granted Sgarlato summary judgment and dismissed the complaint insofar as it was asserted against him. We now reverse.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by proffering sufficient evidence to demonstrate an absence of any material issues of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The failure to proffer such evidence warrants denial of the motion regardless of the sufficiency of the evidence proffered in opposition thereto *(see, Alvarez v Prospect Hosp., supra; Winegrad v New York Univ. Med. Ctr., supra).* Bare conclusory denials of malpractice without any factual relationship to the alleged injury are insufficient to establish that a defendant is entitled to summary judgment *(see, Winegrad v New York Univ. Med. Ctr., supra; Ferretti v Town of Greenburgh,* 191 AD2d 608; *Montalbano v North Shore Univ. Hosp.,* 154 AD2d 579).

Although the defendant Anthony S. Sgarlato proffered the affidavit of a medical expert in support of his motion for summary judgment, the affidavit failed to address the essential factual allegations of the complaint, and it was based, in part, on disputed or apparently incorrect facts. Accordingly, despite the insufficiency of the evidence proffered by the plaintiffs in opposition to the motion, Sgarlato's motion for summary judgment should have been denied. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.