■ AARON DANIELS, Respondent, v HOWARD S. JUDELSON, Appellant. [628 NYS2d 314] —In an action pursuant to RPAPL

article 15 to compel the determination of a claim to real property by adverse possession, the defendant purportedly appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 1, 1993, as denied his cross motion for summary judgment pursuant to CPLR 3212 (b).

Ordered that the appeal from the order is dismissed, with costs.

The appeal from that portion of the order allegedly denying the defendant's cross motion for summary judgment must be dismissed since it contains no decretal paragraph denying that cross motion *(see, Katz v Katz,* 68 AD2d 536, 542-543). Thus, to the extent that the Supreme Court treated the defendant's opposition papers as a cross motion, it remains pending and undecided.

In any event, were we to reach the merits of this appeal, we would affirm because it is axiomatic that issue finding, rather than issue determination, is the standard for reviewing a motion for summary judgment *(see, Downing v Schreiber,* 176 AD2d 781). If a court entertains any doubt as to the existence of a triable issue of fact, the motion for summary judgment should be denied *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223; *Triangle Fire Protection Corp. v Manufacturers Hanover Trust Co.,* 172 AD2d 658). The party making the motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any material issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320), and he must do so by tendering evidentiary proof in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557; *see also, Andre v Pomeroy,* 35 NY2d 361). Failure to make a prima facie showing requires a denial of the motion *(see, Alvarez v Prospect Hosp., supra).*

Applying these principles to the facts at bar precludes judgment, as a matter of law, in the defendant's favor. The plaintiff submitted an affidavit stating that he retained unidentified individuals to install a sprinkler system and to seed, mow, cut, and fertilize the lawn every year for the 19 years that he owned the adjoining property. Despite the fact that the plaintiff could not recall "offhand" the names of these individuals, the plaintiff's proof created a genuine issue of material fact as to the frequency and continuity of the cultivation *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, *supra; Triangle Fire Protection Corp. v Manufacturers Hanover Trust Co.,* 172 AD2d 658, *supra).*

In contrast, the defendant has failed to produce sufficient evidence to establish that the plaintiff did not usually cultivate or improve the property at issue to warrant the court, as a matter of law, to award judgment in his favor.

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.