■ SHEILA MCDONNELL et al., Appellants-Respondents, v CHELSEA MANUFACTURERS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, and FRANK M. ESEMPLARE et al., Respondents. CIBA-GEIGY CORPORATION et al., Third-Party Defendants. (Action No. 1.) SHEILA MCDONNELL et al., Plaintiffs, v CIBA-GEIGY CORPORATION et al., Defendants. (Action No. 2.) [686 NYS2d 850] —In two related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1, Sheila McDonnell and Eugene McDonnell, appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 2, 1998, which granted the motion of the defendants Frank Michael Esemplare and Frank Michael Esemplare, P. C., for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against them, and the defendants third-party plaintiffs Chelsea Manufacturers, Inc., and Modern Wholesale Drug Co. cross appeal from the same order.

Ordered that the application of the defendants third-party plaintiffs Chelsea Manufacturers, Inc., and Modern Wholesale Drug Co., for leave to withdraw their cross appeal is granted, and the cross appeal is deemed withdrawn; and it is further,

Ordered that the order is reversed, the motion is denied, and the complaint and all cross claims and counterclaims insofar as asserted against the defendants Frank Michael Esemplare and Frank Michael Esemplare, P. C., are reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The relevant facts are set forth in our decision in *McDonnell v Chelsea Mfrs.* (259 AD2d 674 [decided herewith]) and will not be set forth at length herein.

The plaintiffs commenced two actions against various defendants, including the respondents, Frank Michael Esemplare and Frank Michael Esemplare, P. C. (hereinafter referred

to collectively as Esemplare), alleging injuries arising from the use of the drug phenylbutazone (prescribed by the defendant Francis O'Malley, M.D.). The plaintiffs alleged, *inter alia*, that Esemplare negligently failed to timely diagnose and treat the plaintiff Sheila McDonnell after she completed her regimen of phenylbutazone, and that such a failure was a proximate cause of her ultimate kidney failure. After issue was joined and various discovery completed, Esemplare moved for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against him. The Supreme Court granted the motion, and we reverse.

In support of his motion for summary judgment, Esemplare submitted his own affidavit wherein he asserted that, in general, renal failure was indicated in less than 1% of persons taking phenylbutazone, and opined that he did not depart from good and accepted medical practice in his treatment of Sheila McDonnell. However, in addition to being merely conclusory (*see, Canosa v Abadir,* 165 AD2d 823), Esemplare's affidavit, *inter alia*, failed to address the plaintiffs' allegation that, under the circumstances presented, Esemplare departed from good and accepted medical practice by failing to timely perform critical blood work on Sheila McDonnell when she returned to his office with various complaints after completing the phenylbutazone drug regimen. Thus, Esemplare failed to make a prima facie showing of entitlement to judgment as a matter of law.

In any event, in opposition to Esemplare's motion, the plaintiffs proffered the affidavit of a medical expert wherein it was opined that such a failure was both negligent and a proximate cause of Sheila McDonnell's ultimate kidney failure. Accordingly, Esemplare's motion for summary judgment should have been denied (*see, Viti v Franklin Gen. Hosp.,* 190 AD2d 790). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.