■ JUNE SPAIN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [696 NYS2d 71]

—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated July 20, 1998, as granted the respective cross motions of the defendant New York City Transit Authority and the defendants Gerasimos Vangelatos and Charanjet Singh for summary judgment dismissing the complaint insofar as asserted against them, and (2) from so much of an order of the same court, dated January 28, 1999, as, upon renewal and reargument, adhered to the prior determination.

Ordered that the appeal from the order dated July 20, 1998, is dismissed, as that order was superseded by the order dated January 28, 1999, made upon renewal and reargument; and it is further,

Ordered that the order dated January 28, 1999, is reversed insofar as appealed from, on the law, the respective cross motions are denied, the complaint is reinstated insofar as asserted against the respondents, and the order dated July 20, 1998, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

In her verified bill of particulars, the plaintiff claimed that as a result of the accident, she suffered from, *inter alia*, degenerative disc disease and aggravation of asymptomatic degenerative disc disease at the L4-5 and L5-S1 levels of her lumbosacral spine and entrapment of the median nerves at both wrists.

In support of their respective cross motions for summary judgment, the respondents submitted medical reports indicating that the plaintiff was examined one year after the accident and was found to suffer from degenerative disc disease at L4-5 and L5-S1 and entrapment of median nerves at both wrists. The respondents failed to establish prima facie that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Tsiamis v Wen Chaun Liu,* 259 AD2d 746; *Mendola v Demetres,* 212 AD2d 515). Moreover, the sworn report of the plaintiff's treating chiropractor and the affirmed reports of the plaintiff's examining physicians specifically quantified the loss in range of motion in the plaintiff's lower back and wrists and stated that these conditions were post-traumatic or rendered symptomatic by the accident. The plaintiff thus demonstrated the existence of a triable issue of fact which precluded the granting of summary judgment (*see, Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408; *Rut v*

*Grigonis,* 214 AD2d 721; *Greenman v Poll,* 197 AD2d 502; *Robbie v Ledeoux,* 146 AD2d 764). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.