Aronin, J.
(dissenting). Resolution of the case presented
upon appeal hinges upon the application of a number of well-settled legal principles. The majority has referred to law and cases related to motions made pursuant to Insurance Law § 5102. However, other principles of law have been overlooked in the process.
*592 The function of the court upon a summary judgment motion is issue finding, not issue resolution (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; McKinney v Setteducatti, 183 AD2d 879; Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 261), as summary judgment is a drastic remedy available only where there is no doubt as to whether a triable issue exists (Rotuba Extruders v Ceppos, 46 NY2d 223; Barclay v Denckla, 182 AD2d 658; Marine Midland Bank v Dino & Artie’s Automatic Transmission Co., 168 AD2d 610). The burden of the movant upon a summary judgment motion is to establish the cause of action or defense as a matter of law; to defeat the grant of the motion, the opponent need only establish the existence of a material question of fact (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068; Spain v New York City Tr. Auth., 265 AD2d 319), a burden which is heavier for the movant than the party opposing the motion (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Piccirillo v Piccirillo, 156 AD2d 748, 750; Hantz v Fishman, 155 AD2d 415, 416). It is not for the court to determine either credibility or the probability of success on the merits, but to determine whether an issue of fact exists (Zuckerman v City of New York, 49 NY2d 557, 562; Hantz v Fishman, supra, at 416). Questions of credibility are ill-suited for summary judgment, and should be reserved for trial (Barr v County of Albany, 50 NY2d 247, 254; Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341; Gniewek v Consolidated Edison Co., 271 AD2d 643; Dyckman v Barrett, 187 AD2d 553, 554).
Nowhere in the cases cited by the appellant or the majority have these basic principles of law been overruled or altered by the Court of Appeals. However, in recent cases involving personal injury in automobile accidents, the above-cited familiar and quintessentially basic legal principles have been turned upon their heads, resulting not in the even-handed administration of justice in accord with settled law, but a policy-driven result which ignores both law and the facts presented. The quantum of proof necessary to oppose has been transformed from the presentation of a question of fact to the presentation of persuasive evidence of a particular type, and determinations of the respective persuasiveness of expert evidence are blithely made by the court, on papers only. The majority’s decision in this case follows that line of cases.
Here, the plaintiff submitted as evidence the affidavit of his chiropractor, Dr. Scott Leist, referring to several objective medical tests showing abnormal neurological results, and to *593 which was attached a copy of the MRI of the lumbar spine revealing an annular bulging disc at L4-5 and L5-S1. Dr. Deist’s affidavit further asserted that his examination showed a 20 degree restriction of motion in the lumbar spine. The plaintiff also submitted an affidavit stating that he was a self-employed truck driver, and had been unable to perform his duties after the accident for a period of seven months, being confined to home for five of those months.
The majority has apparently determined that the plaintiff’s proof is less compelling than that of the defendant, and that the determination of the Civil Court should therefore be reversed. However, the most basic principles governing summary judgment and appellate review are trampled by this decision. It is not the function of this court to weigh the evidence presented and choose which party’s experts are more worthy of credence, nor is it our function to reverse decisions by a lower court which are not erroneous in either fact or law.
Kassoff, P. J., and Scholnick, J., concur; Aronin, J., dissents in a separate memorandum.