■ VOYTEK TECHNOLOGY, INC., Respondent, v RAPID ACCESS CONSULTING, INC., et al., Appellants. [719 NYS2d 112] —In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), entered April 15, 1998, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered March 11, 1999, which is in favor of the plaintiff and against them in the principal sum of $23,300. The defendants' notice of appeal from the order dated April 15, 1998, is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that that the judgment is reversed, on the law, with costs, the order is vacated, and the plaintiff's motion for summary judgment is denied.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff is a consulting firm. It provided services to clients of the appellant Rapid Access Consulting, Inc. (hereinafter Rapid) under a contract with Rapid. Under the terms of the contract, the plaintiff was required to submit weekly time reports to Rapid. In this action, the plaintiff is seeking to recover money allegedly owed it under that contract.

The only proof offered by the plaintiff to support its assertion that it had submitted the required time reports was the affidavit of Andrew Welenc, its president. He averred that they were duly submitted to Rapid. However, Rapid's president, the ap-

pellant Albert Semon, submitted an affidavit alleging that Rapid never received them. This was sufficient to establish the existence of a triable issue of fact requiring the denial of the motion (*see, Roemer & Featherstonhaugh v Featherstonhaugh,* 267 AD2d 697; *Triangle Fire Protection Corp. v Manufacturers Hanover Trust Co.,* 172 AD2d 658).

Further, the Supreme Court should not have considered the plaintiff's alleged documentary proof consisting of copies of the required time reports as well as various facisimile transmission confirmation sheets and other documentation. That material was improperly submitted for the first time in the plaintiff's reply papers (*see,* CPLR 2214; *see, Dannasch v Bifulco,* 184 AD2d 415; *see also, Matter of TIG Ins. Co. v Pellegrini,* 258 AD2d 658; *Held v Kaufman,* 238 AD2d 546, *mod on other grounds* 91 NY2d 425; *Sopesis Constr. v Solomon,* 199 AD2d 491).

In light of this determination we need not reach the issue of the personal liability, if any, of Rapid's president, the appellant Albert Semon. Krausman, J. P., Miller, Friedmann and Florio, JJ., concur.