OPINION OF THE COURT
Scott Fairgrieve, J.
The petitioner moves for an order striking the verified answer and amended verified answer of the respondent, Cheana L. "Whitfield, and, pursuant to CPLR 3212, granting the petitioner summary judgment.
Petitioner has commenced this holdover summary proceeding against Cheana L. Whitfield to evict her from the premises located at 8 Old Mill Court, unit No. C, Rockville Centre. The basis of the eviction is the criminal activity of the household member Charles Sullins.
The respondent, Cheana Whitfield, who is a Section 8 tenant, previously moved to dismiss the petition. In an order, dated September 26, 2012, the Honorable Colin F. O’Donnell denied the respondent’s motion finding that: the notice to terminate was sufficient in all respects; the failure to state the respondent’s Section 8 status in the petition would not warrant dismissal; and a defective verification would not warrant dismissal, but rather, that leave should be granted to serve an amended petition with an amended verification. In his order, Judge O’Donnell directed the petitioner to serve an amended petition with proper verification within 30 days from the date of the order. On October 23, 2012, the petitioner served a copy of the amended notice of petition and petition on the respondent’s counsel.
Summary judgment is drastic relief—it denies one party the opportunity to go to trial. Thus, summary judgment should only be granted where there are no triable issues of fact (see Andre v Pomeroy, 35 NY2d 361 [1974]). The focus for the court is on issue finding, not issue determining (see Hantz v Fishman, 155 AD2d 415 [2d Dept 1989]). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires denial of a motion, regardless *312 of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Once the movant has demonstrated a prima facie showing of entitlement to judgment, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
The petitioner argues that summary judgment should be granted because on or about February 17, 2012, Charles Sullins, a member of the respondent’s household, was arrested and charged with various crimes, in violation of section 15 of the lease. In support, the petitioner submitted the affidavit of Jamie Morrison, the executive director for the petitioner. In his affidavit, Mr. Morrison states that he is fully familiar with the facts and circumstances of this matter. He also sets forth specific facts to show respondent Cheana Whitfield breached her lease when Charles Sullins, a household member, was arrested in connection with criminal activity. Mr. Morrison states that the respondent’s lease was terminated for the safety and well-being of the other residents. As such, the petitioner has made a prima facie showing of its entitlement to judgment as a matter of law.
In opposition, the respondent argues, inter alia, that the lease was improperly terminated because the criminal activity connected with Mr. Sullin’s arrest occurred prior to his residence in the subject apartment. However, the plain language of the lease does not support this argument. As such, the respondent has failed to establish a triable issue of fact.
The document, dated February 17, 2012, from the United States Attorney Eastern District of New York by Thomas M. Sullivan (Assistant U.S. Attorney) outlines the charges against Charles Sullins (see exhibit J attached to the notice of motion of petitioner). The document indicates that Charles Sullins and Carl Perryman were arrested by agents of the FBI on February 17, 2012. Both Charles Sullins and Carl Perryman were indicted for the following:
“Carl Perryman and Charles Sullins were arrested by agents of the Federal Bureau of Investigation (‘FBI’) this morning, pursuant to a four count indictment charging them with (1) Conspiracy to Commit Murder in-aid-of Racketeering, in violation of Title 18, United States Code, Sections 1959 (a) (5); (2) Attempted Murder in-aid-of Racketeering, *313 violation of Title 18, United States Code, Sections 1959 (a) (5) and 2; (3) Assault with a Dangerous Weapon in-aid-of Racketeering, in violation of Title 18, United States Code, Sections 1959 (a) (3) and 2; and (4) Discharging of a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Sections 924 (c) (1) (A) (ii), 924 (c) (1) (A) (iii) and 2. Both Perryman and Sullins have been identified by the FBI Long Island Gang Task Force as members of the Old Mill Court Bloods (‘Bloods’).”
Carl Perryman is alleged to have shot a member of the rival Crips at the parking lot of the subject premises located at 8 Old Mill Court, Rockville Centre, on March 16, 2011, with a gun supplied by Charles Sullins:
“Specifically, on March 16, 2011, Perryman shot a member of the rival Crips gang, John Doe, whose identity is known to the United States Attorney’s office. The shooting is captured on surveillance video. John Doe is in the Old Mill Court apartment complex in Rockville Centre, New York engaging in a ‘Crips dance’ (a dance performed by Crips gang members, which dates back to the 1970s, signifying one’s membership in the Crips gang) in the parking lot of the apartment complex. While John Doe was doing the ‘Crips dance,’ an individual provides an object to Carl Perryman. A cooperating witness identified Sullins as the person who provided the object to Perryman. Surveillance video shows that this object is a firearm.”
Furtherance, it is undisputed that Charles Sullins was arrested on February 17, 2012, at the respondent’s apartment, in connection with the aforesaid shooting which occurred at the parking lot of the subject premises. The totality of the circumstances justifies eviction because the presence of Charles Sullins as an occupant caused a threat to the health, safety and/or right to peaceful enjoyment of other tenants and other occupants of the apartment complex.
Respondent cites Wellston Hous. Auth. v Murphy (131 SW3d 378 [Mo Ct App 2004]) for the proposition that prior criminal activity of the guest can not be considered. A review of Wellston Hous. Auth. v Murphy reveals that the guest’s criminal activity and sentences therefore occurred prior to his becoming tenant’s guest during the term of the tenant’s lease.
In the case at bar, Charles Sullins was arrested while an occupant in respondent’s apartment for a shooting which occurred *314 at the premises. Respondent does not deny that this occurred. These circumstances make it abundantly clear that the health, safety, and welfare of the entire building were put at risk.
This court notes the concurring opinion of presiding Judge Clifford H. Ahrens in Wellston Hous. Auth., who writes the following:
“I write separately because I believe that on the record in this case, this court does not need to adopt a bright-line test that limits the construction of the statutory term ‘any criminal activity’ to conduct during the term of the lease. We need not decide whether, on different facts, past criminal conduct of a guest might be sufficient to justify termination of a tenant’s lease in a case where there was evidence that the guest caused a current threat to the health, safety, or right to peaceful enjoyment of the premises by other tenants. In all other respects, I concur in the majority opinion.” (131 SW3d at 382.)
The actions of Charles Sullins and his arrest at the premises on February 17, 2012, exposed the entire community to an unacceptable risk of danger.
The Supreme Court in Department of Housing & Urban Development v Rucker (535 US 125 [2002]) held that a tenant could be evicted regardless of whether other members of the household were involved in or knew of the activity and regardless of where the activity took place. See also Residential Landlord-Tenant Law in New York (Andrew Scherer, Esq., et al. §5:77), wherein the following is stated:
“The U.S. Supreme Court has held that, under 42 U.S.C.A. § 1437d(l)(6), known as the ‘one strike and you’re out rule,’ public housing authorities may evict an entire public housing household if any member of that household, or any guest, or any other person under a household member’s control, engages in drug-related or certain other criminal activity, regardless of whether other members of the household were involved in or knew of the activity, and regardless of where the activity took place. Department of Housing and Urban Development v. Rucker, 535 U.S. 125, 122 S. Ct. 1230, 152 L. Ed. 2d 258 (2002); See also, Matter of Sterling v. NYCHA, 3/11/2009 N.Y.L.J. 26, col. 3 (Sup. Ct. N.Y. Co.).”
Accordingly, the petitioner’s motion for summary judgment is granted. Petitioner is awarded a judgment of possession with *315 the warrant stayed until May 31, 2014 in order to allow respondent to secure other living space.