| |
|---|
| **Matter of Gallardo** |
| 2018 NY Slip Op 34569(U) |
| May 1, 2018 |
| Surrogate's Court, Richmond County |
| Docket Number: 2016-945/A |
| Judge: Robert J. Gigante |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------X

In the Matter of the Estate of

**ARMODIO GALLARDO,**                                    **File No. 2016-945/A**

Deceased.

-----------------------------------------------------------------------X

In this SCPA §2103 'Petition for Turnover' entertained on April 6, 2017, Petitioner, Irma Rubi (hereinafter "Irma") Decedent's spouse, and Administratrix of his estate, sought to compel Delia Gallardo, Decedent's ex-wife (hereinafter referred to as "Delia") to turn over decedent's interest in proceeds or value in two NYC taxi medallions held under the Gallardo Taxi Corporation. Delia, by a verified 'Answer to the Turnover Petition' filed August 3, 2017, sought to dismiss Irma's petition in its entirety as well as other relief. Delia further filed a motion for summary judgment pursuant to CPLR 3212 on October 18, 2017 which was returnable on November 15, 2017 seeking to once again dismiss Irma's petition in its entirety alleging the action has no merit, the cause of action is time barred and this court lacks subject matter jurisdiction, as well as other related relief. Irma thereafter filed a Notice of Cross-Motion for Summary Judgment on December 11, 2017, which was made returnable on February 7, 2018 seeking to grant summary judgment in her favor and in opposition to Delia's motion. Delia responded by filing an Affirmation in Opposition to Cross-Motion and in Reply to Opposition on December 20, 2017. Oral argument was heard on February 7, 2018. At the crux of both sets of papers are references to "The Separation and Settlement Agreement dated August 23, 2002, which is incorporated but not merged in the Judgment of Divorce

1

entered November 15, 2004," (hereinafter "Separation Agreement") between Armodio Gallardo (hereinafter "Decedent") and Delia.

## FACTS

Decedent and Delia were married on August 29, 1985. They entered into a Separation Agreement on August 23, 2002. Said Agreement was incorporated but not merged into a divorce decree, which was dated November 15, 2004. The Separation Agreement recited that the Husband (our Decedent) was not represented by counsel. The pertinent articles of the fully executed Separation Agreement are as follows:

Article 1: "Living Separate and Apart- The Husband shall be required to leave the Marital residence no later than September 14, 2002. The Wife shall have sole and exclusive possession of the marital residence until such time as the marital residence is appropriately transferred by the signing of a Quit Claim deed by the Husband to the Wife with the Children as survivors of the property."

Article 11: "Full Disclosure -Husband has been advised and is hereby advised that he has the right to secure independent legal counsel to review this agreement before signing it."

Article 12: "Representation of Income-The Husband is retired and receives social security benefits. He has also been paid a "salary" from Gallardo's Taxi Corporation for several years even though the Wife is the sole owner of the Corporation. During these years, the husband has been receiving "income" as is reported in the Gallardo corporate Tax return and Husband's personal tax returns in the amount of $10,000.00 plus cash payments not reported plus social security of approximately $27,500 per year."

2

Article 16: "Waiver of Estate Rights- The right of either party to take under any testamentary disposition, including any testamentary substitute, which is presently in effect is likewise waived in all respects and any such pre-existing testamentary disposition is hereby revoked by the testator of such will and renounced by the party in whose favor such testamentary devise or bequest has been made. The only exception to this, is if the Husband predeceased the wife, and for whatever reason, has failed to execute a valid Quit Claim Deed and any other documents necessary to provide that the Wife have sole legal claim to the marital property with rights of survivorship to the children of the marriage."

Article 33: "Personal Property- Distribution of Medallions- The Parties acknowledge that during the course of the marriage, the parties purchased two New York City Taxi Medallions which still exist to date and are operated through the Gallardo Taxi Corporation. The parties agree that said Corporation is solely owned by the Wife. However, the Parties further acknowledge that when the Wife agrees to sell the Medallions, the Husband will receive a 50% share of the price received minus any fees associated from transferring of the medallions or any other fees including broker or attorney fees. The net sum received after all expenses for the sale shall be split 50/50 between the parties subject to all appropriate outstanding taxes and any other expenses owned by the corporation."

There is no record of the Decedent taking any steps to set aside the Separation Agreement. The Decedent died intestate on July 19, 2009. Irma was appointed Administratrix of Decedent's estate on February 1, 2017 and her letters were limited to commencing a turnover proceeding, which is the proceeding before us.

[* 3]

## Discussion

Summary judgment should be granted only where it is clear that no triable issue of fact exists (*Matter of Goldberg*, 180 AD2d 528). Initially, it is necessary for the movant to make a *prima facie* showing that he or she is entitled to summary judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557). The objectant opposing summary judgment must then present affirmative proof that their claims are real and capable of being established at trial (*Stainless, Inc. v Employers Fire Ins.*, 69 AD2d 27). "Summary judgment is a drastic remedy and should not be granted if there is any doubt as to the existence of a triable issue (see, Rotuba Extruders v Ceppos, 46 NY2d 338). It is not up to the court to determine issues of credibility or the probability of success on the merits, but rather whether there exists genuine issues of fact (see, Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338)" (*Hantz v Fishman*, 155 AD2d 415).

Irma's position focuses on seeking to *enforce* the provision of the Separation Agreement, specifically Article 33, which states "However, the Parties further acknowledge that **when the Wife agrees to sell the Medallions**, the Husband will receive a 50% share of the price received minus any fees associated from transferring of the medallions or any other fees including broker or attorney fees," with the emphasis being on the words "**when the wife agrees...**" She argues that the provision is not "if" she decides to sell, but rather "when" meaning, it has to happen. She also argues that since the Decedent was not represented by counsel and Delia received the marital home in the Separation Agreement, for Delia to also solely to decide when and whether or not to sell the Medallions, would be unconscionable.

4

[* 4]

Delia argues that the terms of the Separation Agreement are quite clear and again, citing that same sentence of Article 33, provides her interpretation stating that it is up to her alone to decide when to sell the Medallions and she cannot be forced to do so. She further argues that the statute of limitations has expired in trying to modify the terms of the Separation Agreement.

Both sides make compelling and zealous arguments regarding the intent of the parties with respect to the terms and conditions of the Separation Agreement and have established triable issues of fact. After having reviewed all of the papers heretofore submitted herein, both in support of the motion and in opposition thereto, and after having heard oral arguments, the Court denies summary judgment and sets this matter down for **June 6, 2018 at 11:00 am** for a conference with a member of the law department. At that time a discovery schedule will be set and a hearing date directed.

This decision shall constitute the Order of the Court.

Dated: May / , 2018

_____
ROBERT J. GIGANTE, Surrogate