■ CAROLYN MUEHL, Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents. [603 NYS2d 356] —Crew III, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered December 14, 1992 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint.

On or about February 15, 1991 defendant Asplundh Tree

Expert Company, working under a contract with defendant Niagara Mohawk Power Corporation, trimmed and cut a number of evergreen trees located on plaintiff's property. The work was performed pursuant to an unrecorded easement granted to Niagara Mohawk's predecessor in interest by one of plaintiff's predecessors in title. The easement provided, in relevant part, that Niagara Mohawk possessed "the right to cut, trim and remove, from time to time, any trees, brush or other obstructions along [its power] lines which may in the opinion of the Company, its successors or assigns, be necessary for proper and efficient operation".

Shortly after the work was completed, plaintiff commenced this action against defendants alleging, *inter alia,* that the cutting operation was performed in a reckless, careless and negligent manner and seeking money damages. Following joinder of issue, defendants moved for summary judgment dismissing plaintiff's complaint. Supreme Court granted defendants' motion, and this appeal by plaintiff followed.*

We affirm. In opposition to defendants' motion for summary judgment, plaintiff was required to tender sufficient proof in admissible form to raise a question of fact as to whether defendants' tree-cutting operations exceeded the reasonable use and enjoyment of the subject easement *(see generally, Meizinger v Akin,* 192 AD2d 1011, 1012; *compare, Alford v Niagara Mohawk Power Corp.,* 115 AD2d 924, *lv denied* 67 NY2d 607). This plaintiff failed to do. Although plaintiff testified at her examination before trial that the evergreen trees "looked terrible" after they were cut by Asplundh, plaintiff has failed to offer any evidence that the trees were trimmed to an excessive or unnecessary degree. We therefore conclude that defendants' motion for summary judgment was properly granted.

Yesawich Jr., J. P., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Plaintiff, as so limited by her brief, argues only that a question of fact exists regarding whether defendants' tree cutting operations exceeded the reasonable use and enjoyment of the easement.