■ SHEILA MCDONNELL et al., Respondents, v CHELSEA MANUFACTURERS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, and FRANK M. ESEMPLARE et al., Respondents. CIBA-GEIGY CORPORATION, Third-Party Defendant; FRANCIS D. O'MALLEY et al., Third-Party Defendants-Appellants-Respondents. (Action No. 1.) SHEILA MCDONNELL et

al., Respondents, v CIBA-GEIGY CORPORATION, Defendant, and FRANCIS D. O'MALLEY et al., Appellants. (Action No. 2.) [687 NYS2d 172] —In two related actions to recover damages for personal injuries, etc., the third-party defendants in Action No. 1 and defendants in Action No. 2 Francis D. O'Malley, M.D., Gold Simonsen & O'Malley, and Gold, Simonsen & O'Malley, P. C., appeal, and the defendants third-party plaintiffs in Action No. 1, Chelsea Manufacturers, Inc., and Modern Wholesale Drug Co. d/b/a Rugby Laboratories, cross-appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered September 29, 1997, as denied their respective motions for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the plaintiffs.

In May 1989 the plaintiff Sheila McDonnell sought treatment from the defendant Frank Michael Esemplare, M.D., an internist, for a pain in her left shoulder. In August, after diagnosis and treatment by Esemplare failed to bring the desired results, Esemplare referred Sheila McDonnell to the defendant Francis D. O'Malley, M.D., an orthopedic surgeon. O'Malley prescribed a one week regimen of medication with the drug butazolidin. The prescription was filled with phenylbutazone, a generic equivalent of butazolidin that was manufactured by the defendant Chelsea Manufacturers, Inc., and distributed by the defendant Modern Wholesale Drug Co., Inc., d/b/a Rugby Laboratories (hereinafter referred to collectively as Chelsea/Rugby). The regimen was completed in the first week of September 1989.

On September 11, 1989, Sheila McDonnell returned to Esemplare complaining of vomiting, nausea, and, according to Esemplare, abdominal or stomach discomfort. He diagnosed and treated her as suffering from a gastrointestinal problem. At the time, Esemplare was aware that O'Malley had prescribed phenylbutazone. On September 14, 1989, McDonnell returned to Esemplare's office with the same complaints. Esemplare diagnosed and treated her as continuing to suffer from a gastrointestinal problem. On September 19, 1989, Sheila McDonnell again returned to Esemplare's office complaining of vomiting, abdominal pain, and an inability to urinate. Esemplare ordered blood tests and, based on results which indicated renal failure, admitted McDonnell to a hospital that same day. At the hospital, the initial diagnosis of renal failure was confirmed. Ultimately, Sheila McDonnell required a kidney transplant.

Alleging that her use of phenylbutazone resulted in the failure of her kidneys, Sheila McDonnell (and her husband, asserting derivative claims), thereafter commenced two actions (consolidated for trial) against, among others, O'Malley and his professional corporation (hereinafter collectively referred to as O'Malley), Chelsea/Rugby, and Esemplare. Sheila McDonnell alleged that Chelsea/Rugby failed to provide adequate warnings concerning the dangers of using phenylbutazone, and that O'Malley had failed to warn her about the risk of kidney damage from the use of phenylbutazone, or to discuss treatment alternatives, and/or to prescribe a different course of treatment. After issue was joined and various pretrial discovery completed, Chelsea/Rugby and O'Malley separately moved for summary judgment dismissing the complaint and all cross-claims and counterclaims insofar as against them. The Supreme Court denied the motions and we affirm.

A manufacturer has the duty to warn of all potential dangers in its prescription drugs it either knows to exist or, in the exercise of reasonable care, should have known to exist (see, *Martin v Hacker,* 83 NY2d 1, 8). This duty may be fulfilled by giving detailed, adequate warnings to the prescribing physician, who acts as an "informed intermediary" between the manufacturer and a patient (*Martin v Hacker,* 83 NY2d 1, 9, *supra*; *see, Wolfgruber v Upjohn Co.,* 72 AD2d 59, 61, *affd* 52 NY2d 768). Here, in support of its motion for summary judgment, Chelsea/Rugby proffered the affidavit of an expert who opined that the package insert accompanying the phenylbutazone contained adequate warnings. In opposition to the motion, the plaintiffs proffered the affidavit of an expert reaching the contrary conclusion. Based on such competing affidavits, and upon review of the warnings themselves, we agree that, in light of the allegations, issues of fact are presented as to whether the warnings were "accurate, clear [and] consistent on [their] face, and whether [they] portray[ed] with sufficient intensity the risk involved in taking the drug" (*Martin v Hacker, supra*, at 10; *see, Forte v Weiner,* 200 AD2d 421; *Kaplow v Katz,* 120 AD2d 569). Thus, the motion of Chelsea/Rugby for summary judgment was properly denied.

In support of his motion for summary judgment, O'Malley argued that the package insert warning concerning potential kidney damage pertained only to high dose, long-term administration of the drug and that he was unaware that phenylbutazone posed a risk in low-dose, short-term administration. However, O'Malley failed to proffer competent evidence that, regardless of the adequacy of such warnings, it was not a

departure from good and accepted medical practice to have been unaware that phenylbutazone posed a risk of kidney damage in short-term, low-dose administration. Further, he failed to proffer competent evidence that he followed good and accepted medical practice in informing Sheila McDonnell about the dangers of phenylbutazone, in discussing alternative treatments, and/or in failing to prescribe a different course of treatment (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Canosa v Abadir,* 165 AD2d 823). Accordingly, O'Malley's motion for summary judgment was properly denied. Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.