■ GLENN R. MARTIN, Respondent, v VILLAGE OF TUPPER LAKE, INC., Appellant. [723 NYS2d 715] —Spain, J. Appeal from an order of the Supreme Court (Demarest, J.), entered October 10, 2000 in Franklin County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for trees allegedly wrongfully cut down by defendant beneath a power

line that crosses plaintiff's property. Contending that it was authorized to cut the trees pursuant to a public utility easement, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.

We affirm. The easement which encumbers plaintiff's property where the trees were cut, in relevant part, gives defendant "the right to trim from time to time any trees along said lands and to keep the cables and wires free from interference."* The parties dispute whether defendant's tree-cutting operations exceeded the reasonable use and enjoyment of the easement (*see, Muehl v Niagara Mohawk Power Corp.*, 198 AD2d 692, 693).

On this issue, defendant submitted the affidavit of a certified forester who studied the site, reviewed the easement and prepared a report. The forester's stated objective was to determine the number and value of the trees cut. He opined that "[t]rimming and keeping the wires of the power line free from interference is what I observed had been accomplished by the results of the work I examined and reported on in the report." He noted that all 30 of the trees cut by defendant were located "directly under or adjacent to the power line" and that "more trees should have been trimmed or removed from under the power line." Defendant contends that this evidence was sufficient to meet its burden as the party seeking summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). We disagree.

Assuming that the opinion of defendant's expert "would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307), and that it can be read as offering an opinion regarding the reasonable use of the easement, it fails to address the gravamen of plaintiff's claim that the same result could have been achieved by trimming rather than cutting and removing the trees and, therefore, the tree-cutting operation exceeded the reasonable use and enjoyment of the easement. Further, there was nothing in the affidavit of defendant's expert from which the validity of its conclusions about the necessity and reasonableness of the tree-cutting could be inferred (*see, Romano v Stanley*, 90 NY2d 444, 451-452). Thus, "although CPLR 4515 permits an

* Plaintiff did not allege in his complaint or argue, in opposing defendant's motion for summary judgment, that the easement permitted only trimming but no removal of trees and, accordingly, we have no occasion to address that issue.

expert witness to state an opinion without specifying data upon which it is based, it does not avoid the necessity for presentation of such data" (*Caton v Doug Urban Constr. Co.*, 65 NY2d 909, 911), and "an expert's affidavit proffered as the sole evidence to [obtain] summary judgment must contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in the proponent's favor" (*Romano v Stanley, supra,* at 451-452).

In this case, the foundation or basis of the expert's opinion was not presented in the expert's affidavit or in his report and does not appear elsewhere in the record (*see, Davis v Pimm,* 228 AD2d 885, 888, *lv denied* 88 NY2d 815; *Morrison v Flintosh,* 163 AD2d 646, 647-648). The expert's affidavit did not indicate the applicable industry standards or practices, the expert's professional experiences or basis of knowledge, make reference to outside scientific materials accepted in the industry or a scientific basis for its conclusions, and failed to provide any foundational facts upon which it was based, rendering it conclusory and insufficient to entitle defendant to summary judgment (*see, id.; see also, Romano v Stanley, supra;* Martin, Capra & Rossi, New York Evidence Handbook, § 7.3 *et seq.,* at 665).

Based upon the foregoing analysis, we conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.