■ ALFRED ROCKEFELLER et al., Appellants-Respondents, v ALBANY WELDING SUPPLY COMPANY, INC., Doing Business as AWESCO, et al., Respondents- Appellants. [772 NYS2d 104]—

Kane, J. (1) Cross appeals from an order of the Supreme Court (Cannizzaro, J.), entered November 4, 2002 in Columbia County, which, inter alia, partially granted a motion by defendants Albany Welding Supply Company, Inc. and Walter Smith Welding Supplies, Inc. for summary judgment dismissing the complaint and cross claims against them, and (2) appeal from an order of said court, entered June 10, 2003 in Columbia County, which denied a motion by defendant Praxair, Inc. for summary judgment on its indemnification cross claim.

Plaintiffs Alfred Rockefeller, Stephen Anspach and William Shaw were employees of a garage mechanic business owned by Rockefeller. When an acetylene cylinder for a welding torch that Rockefeller was using erupted into flames, each of these plaintiffs suffered burns. The acetylene cylinder was owned by defendant Albany Welding Supply Company, Inc. or defendant Walter Smith Welding Supplies, Inc. (hereinafter collectively referred to as AWESCO), which sold the acetylene gas to Rockefeller's garage. Defendant Praxair, Inc. supplies acetylene gas to AWESCO and performs maintenance on its cylinders. Plaintiffs brought this action against defendants on the theories of negligence, strict products liability and breach of warranty. AWESCO moved for summary judgment dismissing the complaint and Praxair's cross claims. Praxair moved for sum-

mary judgment dismissing the complaint. Supreme Court granted Praxair's motion in its entirety and partially granted AWESCO's motion, leaving only plaintiffs' negligence claim against AWESCO and Praxair's cross claims. Plaintiffs and AWESCO cross-appeal.

Praxair then moved for summary judgment on its contractual indemnification cross claim against AWESCO. Based on the wording of the indemnification provision in the parties' distributorship agreement, Supreme Court denied that motion. Praxair appeals.

Supreme Court properly granted Praxair's motion and partially granted AWESCO's motion for summary judgment dismissing the complaint. Praxair's expert affirmed that he conducted two tests on the actual regulator, valve and cylinder that had been involved in the explosion. The connections did not leak, as confirmed by a soap bubble test and a gas detection device. He then conducted four tests using the actual valve and cylinder with a brand new regulator. During the first two of those tests, a slight seepage of gas occurred. Despite this slight seepage, no acetylene odor was detected in the 14-minute duration of these two tests. The expert averred that the odor detection level of acetylene is 450 times lower than the flammable limit of that gas. After applying more torque to tighten the connection, no gas was released during the last two tests. Praxair's expert thus concluded that the cylinder valve was not defective and the leak was probably caused by the failure to adequately tighten the connection and test it for leaks before use. The affidavit of Praxair's expert created a prima facie showing of entitlement to summary judgment, which then shifted the burden to plaintiffs to raise issues of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

In rebuttal, plaintiffs offered the affidavit of their own expert, who opined that the gas leak which resulted in this accident was caused by scarring on the valve. He stated that the testing, for which he was present, confirmed the leakage during two tests. Although he explained the failure to detect any leak during the last two tests due to Praxair's expert using greater than normal force to tighten the connection, he failed to mention, let alone explain, the initial two tests with the actual regulator where no seepage was detected. Plaintiffs' expert also failed to quantify the leak or spell out how this amount of gas could have ignited, in contrast to the statement by Praxair's expert that the amount of gas seepage was insufficient for odor detection; thus extremely less than the amount necessary to be flammable. Significantly, the tests that detected leaks lasted over 14 minutes

and, at the time of the accident, Rockefeller had only been welding three or four minutes before the gas ignited. Although plaintiffs' counsel offered possible explanations for this discrepancy during oral argument, none was offered by plaintiffs' expert nor contained in the record on appeal. While a court, on a summary judgment motion, should not make credibility determinations when competent competing expert opinions are proffered (*see McDonnell v Chelsea Mfrs.*, 259 AD2d 674, 676 [1999]; *Diehr v Association for Retarded Citizens of Chemung County*, 233 AD2d 818, 820 [1996]), plaintiffs' expert failed to provide a factual or scientific basis for his opinion, rendering it conclusory and insufficient to defeat summary judgment (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Wallach v American Home Prods. Corp.*, 300 AD2d 576, 577 [2002]; *Martin v Village of Tupper Lake*, 282 AD2d 975, 977 [2001]; *Tashjian v Strong & Assoc.*, 225 AD2d 907, 910 [1996]). The police and fire departments' accident reports conclude that the fire was caused by a leak in the cylinder valve, but do not state whether the leak was caused by a valve defect or operator error in failing to adequately tighten the valve-regulator connection. Thus, plaintiffs failed to rebut defendants' entitlement to summary judgment on most of the claims.

Supreme Court properly determined that questions of fact on the negligence claim against AWESCO preclude summary judgment. Accepting the opinion of Praxair's expert that the accident was caused by inadequate tightening of the valve and failure to test the valve for leaks before use, the issue becomes who was responsible for connecting the regulator to the valve. The AWESCO employee who delivered the cylinder testified at depositions that he did not connect the subject cylinder. Plaintiffs aver that they did not connect the cylinder, nor did anyone who worked for Rockefeller, and AWESCO's employee usually connected the cylinders. These conflicting versions create a credibility issue which cannot be determined on this motion for summary judgment (*see Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766, 768 [2000]).

Praxair's motion for summary judgment on its contractual indemnification cross claim was properly denied. The distribution agreement between Praxair and AWESCO provides for indemnification of one party by the other if the indemnitee incurs costs as a result of negligence or alleged negligence by the indemnitor. A plain reading of the indemnification provision requires defendants to be liable to each other for costs arising out of the other's negligence. Praxair attempted to procure indemnification because it was released from the suit while the

claim regarding AWESCO's negligence survived. However, plaintiffs alleged negligence by all defendants, and the indemnification agreement covers alleged negligence, not just sustainable claims of negligence. Praxair provided a defense to all the negligence allegations, including allegations that it negligently maintained or repaired the cylinder valve, as well as non-negligence claims against all defendants. Supreme Court properly held that Praxair failed to delineate which fees and disbursements were incurred by it solely in relation to allegations of negligence against AWESCO versus those costs incurred solely in defense of allegations of negligence against it or in defense of nonnegligence claims, and doing so would be impracticable, if not impossible. Thus, Praxair's motion on its contractual indemnification cross claim was properly denied. As Praxair will not incur any further costs in this litigation because all claims against it have been dismissed, Supreme Court should schedule a separate hearing to determine the allocation of costs, if any, between defendants.

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.