Delosh v Amyot (2020 NY Slip Op 05003)





Delosh v Amyot


2020 NY Slip Op 05003


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

528315

[*1]Brenda Delosh, Individually and as Administrator of the Estate of Mitchell D. Heimbach, Deceased, Appellant,
v
James Amyot, as Executor of the Estate of Ellen M. Amyot, Deceased, Respondent.

Calendar Date: August 20, 2020

Before: Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Mahlon T. Clements, Morristown, for appellant.
O'Connor, O'Connor, Bresee & First, PC, Albany (Elizabeth B. Yoquinto of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Farley, J.), entered December 6, 2018 in St. Lawrence County, which, among other things, denied plaintiff's motion for partial summary judgment.
On April 18, 2017, plaintiff's son (hereinafter decedent) was killed when the bicycle he was riding collided with a vehicle operated by Ellen M. Amyot. The only witnesses to the collision were decedent, Amyot and her husband, who was a passenger in the vehicle. In September 2017, both Amyot and her husband died. Thereafter, plaintiff, individually and as administrator of decedent's estate, commenced this wrongful death action against defendant, as executor of Amyot's estate, alleging, among other things, that Amyot was negligent in failing to avoid the collision. After joinder of issue, plaintiff moved for partial summary judgment on the issue of liability. Supreme Court denied the motion finding that she failed to meet her prima facie burden, as several issues of fact existed requiring a trial. Plaintiff appeals, and we affirm.
On a motion for summary judgment, the movant has the burden of establishing "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. This burden is a heavy one and . . . facts must be viewed in the light most favorable to the non-moving party. Where the moving party fails to meet this burden, summary judgment cannot be granted, and the non-moving party bears no burden to otherwise persuade the court against summary judgment" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013] [internal quotation marks and citations omitted]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Plaintiff's motion was supported by an attorney affidavit, her own affidavit and the expert affidavits of Gregory Witte, an accident reconstructionist, and Richard Jacobs, a surveyor, with attached exhibits. Initially, we find that the affidavits of plaintiff and her attorney are without probative value because neither one had personal knowledge of the incident (see Webb v Albany Med. Ctr., 151 AD3d 1435, 1437 [2017]; Benaquista v Burke, 74 AD3d 1514, 1516 [2010]; Webb v Tire & Brake Distrib., Inc., 13 AD3d 835, 837 [2004]; Connor v Tee Bar Corp., 302 AD2d 729, 730-731 [2003]). As to Witte's affidavit, "an expert's affidavit proffered as the sole evidence to obtain summary judgment must contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in the proponent's favor" (Martin v Village of Tupper Lake, 282 AD2d 975, 977 [2001] [internal quotation marks, brackets and citation omitted]).
Witte averred that he based his sworn statement on his examination of the scene, the supporting depositions of Amyot and her husband contained in the accident investigation file, police accident reports and summaries, an autopsy report, medical reports of Amyot, Jacobs' survey and photographs. His affidavit concludes, as relevant here, that Amyot's husband "attempted to alert . . . Amyot when their vehicle was in the area of the 35 mph speed sign 600 feet from the driveway," and that "Amyot had approximately 12.5 seconds to perceive and respond to [decedent]." Witte's affidavit also concluded that "Amyot caused the collision as she was physically incapable of safely operating [her vehicle because] she was under the influence of two strong prescription opioids."
Initially, we note that Witte does not aver that his opinion is within a reasonable degree of scientific certainty. Although the failure to do so does not de facto render his affidavit invalid (see Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 422 [2010]), the affidavit must contain an evidentiary foundation that would support plaintiff's verdict if offered at trial (see State of New York v Slezak Petroleum Prods., Inc., 96 AD3d 1200, 1204 [2012], lv denied 19 NY3d 814 [2012]). This it failed to do. Witte's conclusions — which were based on the timing of the accident, i.e., where Amyot should have seen decedent and the precise distances and times averred to by Witte — are not based on facts evident in the record, but rather on the statement that Amyot's husband made to police that "[a] couple houses past [the] speed zone on the right, I saw [decedent] on his bike coming out of . . . the driveway." It is unclear from this statement whether Amyot's husband was located "a couple" of houses past the speed zone when he saw decedent or whether decedent and the driveway from which he was exiting were located "a couple" of houses past the speed zone. Further, one cannot discern what constitutes "a couple." For these reasons, the factual foundation lacks the probative force adequate to support summary judgment (see Legac v South Glens Falls Cent. Sch. Dist., 150 AD3d 1582, 1585 [2017], lv denied 30 NY3d 905 [2017]). As to Witte's conclusion that Amyot was using prescribed opioids at the time of the accident and was under the influence of these drugs, which caused the accident, this is simply without support in the record. Moreover, Witte, an accident reconstructionist, did not aver that he has the requisite medical training that would qualify him to render an opinion as to whether Amyot was impaired (see Tsimbler v Fell, 123 AD3d 1009, 1010 [2014]).
Finally, apart from the supporting depositions, all of the documents that Witte utilized in forming his opinion are unsworn, uncertified and/or unauthenticated. Although the professional reliability exception to the hearsay rule allows "an expert witness to provide opinion evidence based on otherwise inadmissible hearsay," it must be shown "to be the type of material commonly relied on in the profession" (Kendall v Amica Mut. Ins. Co., 135 AD3d 1202, 1205 [2016] [internal quotation marks and citations omitted]; accord Matter of Greene v Robarge, 104 AD3d 1073, 1074 [2013]). Furthermore, even if such reliability is shown, "it may not be the sole basis for the expert's opinion" (Kendall v Amica Mut. Ins. Co., 135 AD3d at 1205 [internal quotation marks and citations omitted]). Neither of those imperatives are present with respect to Witte's affidavit. As such, his expert affidavit is of no probative value and is too speculative to meet plaintiff's initial burden on her motion (see Simpson v Simpson, 222 AD2d 984, 986 [1995]; Gardner v Ethier, 173 AD2d 1002, 1003-1004 [1991]). As none of the affidavits in support of the motion is of any probative force, the record supports Supreme Court's order denying the motion.
Garry, P.J., Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.