State Farm Fire & Cas. Co. v Real Wood Fabricating, LLC (2020 NY Slip Op 07004)





State Farm Fire & Cas. Co. v Real Wood Fabricating, LLC


2020 NY Slip Op 07004


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

530081

[*1]State Farm Fire & Casualty Company, as Subrogee of Yolanda Clarke, Respondent- Appellant,
v
Real Wood Fabricating, LLC, Appellant- Respondent.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Mark D. Goris, Cazenovia, for appellant-respondent.
Law Offices of Stuart Markowitz, PC, Jericho (Thomas Torto of counsel), for respondent-appellant.



Lynch, J.
Cross appeals from an order of the Supreme Court (Keene, J.), entered September 9, 2019 in Tompkins County, which, among other things, denied defendant's cross motion for summary judgment dismissing the complaint.
This action arises out of a fire that occurred on March 17, 2017 at the home of Yolanda Clarke, which was insured by plaintiff. Prior to the fire, Clarke had hired defendant to refinish the hardwood floors in the home. Miles McCarty — defendant's owner who performed the project — completed the floor refinishing earlier in the day, using gloves and disposable rags to apply the stain. After the project was finished, Clarke and her husband, who had been staying in a hotel during the four-day project, returned home that evening to find the house on fire and the fire department at the scene. At the request of the local fire chief, an investigation was conducted early the next morning by the Division of Homeland Security Engineering Services. The ensuing report, prepared by investigator Erik Holter, concluded that the fire originated in the left rear area of the garage and was caused by the spontaneous combustion of floor refinishing items left therein. Holter concluded that the fire was accidental. Plaintiff retained Kevin A. Thomas from NEFCO Fire Investigations, who investigated the scene four days later and reached the same conclusion.
After paying Clarke over $389,000 for the property damage caused by the fire, plaintiff, as subrogee of Clarke, commenced this action against defendant, alleging that defendant negligently caused the fire by failing to remove combustible floor materials from the garage. Following joinder of issue, plaintiff moved for summary judgment on the complaint, relying on the opinions of Holter and Thomas and the deposition testimony of Clarke and McCarty. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint, submitting an affidavit of Jason Karasinski, president and owner of Fire Research & Technology Inc., who was retained "to review the investigation of [the] fire." Karasinski concluded that the reports prepared by Holter and Thomas were speculative and that their investigations failed to follow the standards promulgated by the National Fire Protection Association (hereinafter NFPA). Supreme Court denied both motions, finding that the conflicting expert opinions presented issues of fact and credibility as to causation. Defendant appeals and plaintiff cross-appeals.
We affirm. The record demonstrates that all three experts were duly qualified by their education, training and experience to conduct a fire scene investigation. Moreover, both Holter and Thomas agreed that the fire originated in the left rear area of the garage near the door into a breezeway connecting the garage to the home — a conclusion that Karasinski does not counter. This dispute centers on causation.
Taken at face value, the Holter and Thomas reports determining that defendant's negligence was a probable cause of the fire were sufficient to establish a prima facie basis for judgment as a matter of law in plaintiff's favor (see Whiteside v Stachecki, 180 AD3d 1291, 1293 [2020]; Andrews v New York City Hous. Auth., 66 AD3d 619, 619-620 [2009]; Rockefeller v Albany Welding Supply Co., 3 AD3d 753, 755 [2004]). Holter explained that several other causes were ruled out and concluded that "the placement in the garage of products used in the refinishing of the floors . . . was at a probable level of certainty . . . the cause of the fire." Thomas was more specific, concluding "that the fire occurred as a result of the spontaneous heating and the eventual ignition of stain or thinner soaked rags that were inadvertently left behind by the floor restoration company." The nuance, however, is that both experts presumed that defendant left the used floor rags in the garage. Although he listed unused products in [*2]his report, Holter explained that the floor products were susceptible to spontaneous combustion if in "[t]he right form," meaning a sufficient quantity of crumpled up rags. Notably, and in direct contrast, McCarty testified that he removed the four pounds of used rags and gloves from the home and took the items to his shop, where they were spread out to dry prior to disposal. Given this key factual conflict as to whether McCarty left the rags in the garage or not, plaintiff did not establish defendant's liability as a matter of law. In addition, Karasinski's conflicting expert opinion raised a factual issue as to whether Holter and Thomas complied with NFPA standards for the investigation. Specifically, Karasinski opined that Holter was required to test the debris for evidence of a self-heating material but failed to do so. Thomas countered that such testing was not required and that the NFPA guideline cited by Karasinski did not apply. Such competing expert opinions present classic factual and credibility issues for a factfinder to resolve (see McDonnell v Chelsea Mfrs., 259 AD2d 674, 676 [1999]).
Nor did defendant establish its entitlement to a summary dismissal of the complaint. McCarty's self-serving testimony that he did not leave any combustible materials in the garage leaves open a question of credibility that cannot be resolved on a summary judgment basis (see Koen v Carl Co., 70 AD2d 695, 695 [1979]). The fire started between the time that McCarty left the home and Clarke and her husband returned, leaving McCarty with exclusive knowledge as to the removal of all the rags. Moreover, while Karasinski challenged the reports of plaintiff's experts as speculative, he rendered no opinion of his own as to the cause of the fire. Accordingly, on this record, we conclude that Supreme Court properly denied both motions.
Garry, P.J., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.